METZNER, *Plaintiff in Error* v. GRAHAM

**Conflicting Executions:** SHERIFF'S DUTY: MEASURE OF DAMAGES.
Although a sheriff having property in his possession by virtue of a writ of attachment from a court of competent jurisdiction, has no right before the determination of the attachment suit, to sell the property under an execution from a co-ordinate court, issued upon a judgment of foreclosure of a mortgage obtained by another party in a suit begun after the levy of the attachment, yet if he does sell in a case where the mortgage was recorded before the attachment was levied, and is for an amount greater than the value of the property, he will be liable to the attaching plaintiff in nominal damages at most.

| 66 | 653 |
| 45a | 152 |
| 66 | 653 |
| 58a | 154 |
| 66 | 653 |
| 101a | 506 |

*Error to Linn Court of Common Pleas.*—HON. THOMAS WHITAKER, Judge.

*C. H. Mansur* for plaintiff in error.

1. The defendant cannot avail himself in this cause of the defense that the mortgage given to Ewing was a valid one constituting a prior lien on the attached property; if he can, the mortgage and judgment of foreclosure cannot so inure to his benefit as to bring him within the line of decisions cited by his counsel, making him liable only for nominal damages. He was no party to the mortgage, has violated his duty, deprived plaintiff

---

of his rights, and has caused a direct and positive loss. *Metzner v. Graham*, 57 Mo. 410, 411; Sedgwick on Dam., (5th Ed.,) p. 590

*H. M. Pollard* for defendant in error

In an action against an officer for neglect of duty, the measure of damage is the actual damage sustained by plaintiff by such breach, and, where plaintiff is not actually damaged, no more than nominal damages can be received. (1 Wag. Stat., § 64, p. 614.) Sedgwick on Dam., (5th Ed.,) pp. 27, 28, 43, §§ 49, 50, 53, 585–6–7–8, 593–4; Gwyne on Sheriffs, 573; 12 Met. 535; 2 Met. 490; 7 B. Mon. 298; 14 Ohio St. 187; 15 Ohio St. 523; *Berry v. Burckhartt*, 1 Mo. 418; *Miller v. Brown*, 3 Mo. 127; *Hickman v. Griffin*, 6 Mo. 37; *Davis v. Wood*, 7 Mo. 162; *Higdon v. Conway*, 12 Mo. 295; *State v. Ferguson*, 13 Mo. 166; *Mortland v. Smith*, 32 Mo. 225; *Bennett v. Vinyard*, 34 Mo. 216; *Howard v. Clark*, 43 Mo. 344; *State v. Powell*, 44 Mo. 436; *Pike v. Megoun*, 44 Mo. 498; *State v. Miller*, 48 Mo. 251; *Mayor v. Opel*, 49 Mo. 190; Herman on Executions, p. 625, § 408; *State v. Langdon*, 57 Mo. 350.

SHERWOOD, C. J.—Plaintiff's petition states that defendant was sheriff of Livingston county when the execution hereinafter described was issued; that in an action at law in the common pleas court of Livingston county, on April 22nd, 1871, wherein Herman Metzner was plaintiff, and one A. N. Smith was defendant, plaintiff recovered a judgment for $1,127.33 and interest at 8 per cent. thereon and costs, and that in aid of said judgment, certain personal property, described in said petition, attached in said suit, and in the possession of defendant as the sheriff of said county, was ordered to be sold and the proceeds thereof applied in special payment of said judgment; and averring that said property was seized and levied upon on the 3rd day of January, 1871, by said sheriff, and was worth $2,000, and was ample to pay said judgment; that after-

ward, on June 3d, 1871, an execution on said judgment was put in defendant's hands as sheriff, and on the day it was issued; commanding him to sell the attached property as the property of said A. N. Smith, and commanding the proceeds thereof be applied in payment of said execution, and commanding that he should cause to be made the debt and damages and costs; and that he have the same before the court at the next term, being July 17th, 1871, to satisfy the same; that said July term has come and gone, and the defendant in violation of his duty has neglected and refused to make sale of said attached property, or to return said execution according to law and its command, and that he has become liable to plaintiff in the whole amount of money specified in said execution and for which he asks judgment.

Defendant, Graham, in his answer admits he was sheriff as stated; that judgment was rendered in the common pleas court, and the specific personal property set forth by plaintiff in his petition was ordered to be sold to pay said judgment and costs: "admits, he as the sheriff, had seized and held the same under and by virtue of a writ of attachment issued out of said court, that an execution issued on said judgment in favor of plaintiff and against Artemas N. Smith, of date June 3rd, 1871, directed to defendant Graham, as sheriff of Livingston county, and delivered to him the same day," by which he was commanded to sell said attached property as the property of said Smith, and to return said execution and proceeds to the common pleas court on June 17th, 1871, to satisfy said judgment and costs; that June 17th, 1871, has come and gone, and he has not sold said property as commanded; denies that he has not returned said writ of execution according to law; and denies he has become liable to plaintiff for the amount of said execution or any part of it. Defendant further alleges that a judgment was rendered in the circuit court of Livingston county, on February 16th, 1871, in favor of John A. Ewing and against said A. N. Smith, foreclosing

a mortgage upon the aforesaid attached property for $1,700 and costs; that an execution issued on said judgment on February 22nd, 1871, directed and delivered (same day) to said sheriff, (this defendant) commanding the sale of said personal property, and that defendant have the proceeds before the judge of the circuit court, on the 4th Monday in July, 1871, to satisfy said debt and costs of said Ewing; that at the time of its delivery, defendant held said property in his possession under and by virtue of the writ of attachment mentioned in plaintiff's petition; that on March 7th, 1871, under the Ewing execution he sold all the aforesaid attached personal property at public sale, for $1,394.83, and paid off said Ewing execution as follows: To Ewing $1,200, costs $100.23, and said A. N. Smith as the head of a family claimed the remainder, $94.58, as exempt, and the same was paid to him; denies the property was worth $2,000; but admits it was worth $1,394.58. Defendant alleges the mortgage from A. N. Smith to plaintiff was dated October 15th, 1870, and was filed for record in the proper office on the same day; that C. H. Mansur was attorney of plaintiff in said attachment suit of Herman Metzner, and had personal knowledge of the suit to foreclose the mortgage. Defendant alleges that at the July term 1871, of the common pleas court, he returned this plaintiff's execution setting forth the reasons why he had not sold under it as above stated, &c., &c., and alleges all the foregoing as an answer to plaintiff's petition.

Plaintiff for his reply, admits the suit upon the mortgage and judgment thereon in the circuit court of Livingston county, in favor of Ewing and against Smith: but avers that said suit was instituted on January 4th, 1871, and *after* the suit was commenced and the levy by attachment made, by defendant as sheriff in the suit wherein Metzner was plaintiff and Smith was defendant; admits an execution was issued on said judgment in favor of Ewing, and delivered to Graham, as sheriff, and that he as sheriff, sold said goods, in a manner and form, and for the

sum stated in the answer, and applied the proceeds in payment of the execution in favor of Ewing; but plaintiff denies that said judgment, execution and sale thereunder, was, or is, a defense either in law or equity to the cause of action stated by plaintiff in his petition, and denies that the return made by Graham, as sheriff, to said execution, was, or is any defense, either in law or equity to plaintiff's cause of action. Plaintiff for farther reply, says that the court of Common Pleas in and for Livingston county, was a court of record and had original jurisdiction with the circuit court, in all actions both at law and equity, and that no process issued in another suit in the circuit court to which plaintiff Metzner was not a party and had no notice, or day in court, could authorize or protect defendant in the seizure and sale of goods already in his possession and held by him by virtue of a writ of attachment issued out of the Common Pleas Court of Livingston county, in manner and form as alleged in plaintiff's petition. Plaintiff admits C. H. Mansur had personal knowledge of the pendency of the suit to foreclose the mortgage, but alleges that he became possessed of such knowledge as the attorney of A. N. Smith, and not as the attorney of plaintiff; by reason of which plaintiff avers that the answer of defendant sets up no defense and asks for judgment as prayed in his petition.

At the May term, 1875, of the Linn county Court of Common Pleas, where the foregoing cause was pending, it came on for hearing, and by agreement of parties was submitted to the court for trial, on the pleadings and their admissions, without the introduction of any testimony by either party. Whereupon, the court was asked by counsel for plaintiff to declare the law of the case, as follows:

1. It is admitted by the pleadings that plaintiff commenced a suit by attachment against one A. N. Smith, about January 2nd, 1871, in the Common Pleas Court of Livingston county, which suit he prosecuted to a final judgment April 22nd, 1871, for the sum of $1,127.33, with

interest thereafter at 6 per cent.(should have been 8 per cent.) and costs of suit; and that the attached property was ordered by said Common Pleas Court to be sold, to satisfy said judgment.  It is also admitted by the pleadings, that defendant was at the time sheriff of Livingston county, and that he had seized as such sheriff, and held under the writ of attachment aforesaid, property of said Smith of the value of $1,394.58.   It is also admitted, that *after* the commencement of the aforesaid attachment suit, and *after* the levy therein, one Ewing commenced a suit to foreclose a mortgage, executed by said A. N. Smith, on the property attached as aforesaid, in the circuit court of Livingston county ; that said mortgage suit was prosecuted to a final judgment on February 16th, 1871; that an execution issued on said judgment, and was delivered to defendant, Graham, as sheriff aforesaid, to sell the mortgaged property, and apply the proceeds to the payment of said execution ; and it is further admitted that defendant, under the authority of said execution issued on the judgment foreclosing the mortgage, sold all the attached property for the sum of $1,394.58 and applied the same in payment of said Ewing's execution, leaving a balance of 94.58 in his hands, which was claimed as exempt from execution by said A. N. Smith, as the head of a family, and which balance was, by the defendant, paid to said A. N. Smith. It is also admitted that an execution was issued and directed to the defendant, as sheriff aforesaid, on the judgment rendered in the attachment suit on June 3d, 1871, commanding him to sell the attached property, and to have the proceeds before the judge of said Common Pleas Court on July 17th, 1871, to satisfy said judgment, interest and costs.   It is further admitted that said July 17th, 1871, has come and gone, and that defendant has not sold said attached property, or any part of it, under said execution, and that he has returned said execution not satisfied. It is also admitted that when the execution came into the hands of defendant as sheriff, issued in the mortgage suit,

he held attached property belonging to said A. N. Smith, under the writ of attachment issued in the suit of plaintiff against A. N. Smith, of the value of $1,394.58.

2.  That defendant, as sheriff of Livington county, was not authorized or permitted by law, except at his peril, to decide between two rival claimants for attached property in his possession, and if he did so decide, and decided wrong, and in favor of the wrong party, he is responsible in damages at the suit of the injured party.

3.  That if the defendant, as the sheriff of Livingston county, had and held in his possession, attached property of one A. N. Smith, sufficient to pay any part or all of the execution issued on June 3rd, 1871, by the common pleas court, to enforce its judgment rendered on April 22nd, 1871, in favor of plaintiff, and against said A. N. Smith, and that after defendant had levied upon and seized said attached property by virtue of process from said common pleas court, an execution from the circuit court was delivered to him as the sheriff aforesaid in favor of one Ewing, and against the said A. N. Smith, by virtue of which said last recited execution defendant proceeded to and did sell the aforesaid attached property, and applied the proceeds thereof in payment of said last recited execution, then the court must find for plaintiff in such sum as it may believe from the evidence the attached property was reasonably worth, not exceeding the amount of the judgment rendered in his favor in the common pleas court, with interest thereon at six per cent. (ought to be 8 per cent., see petition,) from April 22d, 1871.

To these declarations of law defendant objected to the 2d and 3d, and the court gave the 1st and 2d, and refused the 3d; and to its refusal to give the 3d, plaintiff excepted. The defendant then asked four declarations of law, the first three of which the court refused, and gave the fourth, which is as follows:

4.  Should the court determine that plaintiff ought to recover, still, because the defendant is not damaged, the

said goods being mortgaged for more than they were worth, and the mortgage duly recorded long prior to plaintiff's attachment in his suit against Smith, he can recover *only nominal* damages, or such as he may have sustained in fact; to the giving of which fourth instruction plaintiff objected, and saved his exceptions. The court then rendered judgment for plaintiff for one dollar and costs.

It was held when this cause was here before, (57 Mo. 404,) that the sheriff should not have sold the attached property under the special *fi. fa.* issued on the judgment of foreclosure, but should have held the property under the attachment, and certified to the circuit court the reason of his failure to sell under that execution. The property being in custody of the law, the officer clearly had no right to sell it under the process issued from another tribunal of concurrent jurisdiction—the jurisdiction of the Common Pleas Court having first attached. But the undenied allegations of the defendant's answer, do not show that the irregularity of the sheriff's action in the premises, has worked the plaintiff any substantial injury. The mortgage being of prior date to the attachment, and placed on record before the levy of the latter, the mortgagee occupied a superior attitude to the attaching creditor. So that, if the sheriff had, in doubt as to his duty, taken appropriate steps in the nature of a bill of interpleader, there can be no doubt, but that Ewing, the mortgagee, would have proved successful in the contest thus evoked. It cannot be that every mere technical breach of duty, or abstract remissness, unaccompanied by resulting injury, can form the basis for a substantial recovery, not at all proportionate to the actual damages sustained. Ewing, the mortgagee, having, as the answer shows, the better right to the mortgaged property, the plaintiff cannot be said, on the admitted facts, to have lost his debt through the negligence of the defendant. (1 W. S., p. 614, § 64.) It is unnecessary to say whether the ruling was correct which allowed the recovery of even nominal damages, since the defendant is

not complaining. But holding, as we do, that the plead-ings show facts, which, at any rate, must preclude the plaintiff of a larger recovery, we affirm the judgment. All concur.

AFFIRMED.