THE STATE *ex rel.* ROSS v. CASE *et al., Appellants.*

1. **Sheriffs:** EXECUTION: FALSE RETURN: AMENDMENTS. Under the statute, (R. S. 1879, § 2401,) an officer to whom an execution is delivered, in case he makes a false return on the writ, is liable for the whole amount of money directed to be levied. *Held,* that where the falsity consisted in stating that the writ was ordered to be returned satisfied by plaintiff's attorneys, an amendment by leave of court striking out the false statement was no defense to an action for the false return.

    *Corby v. Burns,* 36 Mo. 194, distinguished on the ground that in that case the amendment was in conformity with the facts.

2. ———: ———: ———: INSOLVENCY. A plea of insolvency of defendant in the execution, is no defense to an action against a sheriff and his sureties upon his official bond for making a false return.

3. ———: ———: FAILURE TO RETURN: DAMAGES. Where no damages are proven, a sheriff is not liable, even for nominal damages, for failure to return an execution at the time fixed by law.

*Appeal from Monroe Circuit Court* —HON. JOHN T. REDD, Judge.

REVERSED.

*Wm. J. Howell* for appellants.

The words in the return alleged to be false are imma-

terial. Even fraud without damage gives no right of action. No property was levied on or lien lost. Amendments in furtherance of justice are favored and relate back to the original return or matter amended. The court making the amendment had jurisdiction and the necessary parties before it, and if the words objected to in the return had any force, the amendment removed the obnoxious part. *Webster v. Blount*, 39 Mo. 500; *Corby v. Burns*, 36 Mo. 194; *Scruggs v. Scruggs*, 46 Mo. 271; *Magrew v. Foster*, 54 Mo. 258; *Kane v. McCown*, 55 Mo. 181; *Phillips v. Evans*, 64 Mo. 17; *Dunham v. Wilfong*, 69 Mo. 355. There were no damages proved on the third breach, and the verdict and judgment should have been for defendants. 1 Wag. Stat., 614, § 64; *Stephenson v. Judy*, 49 Mo. 227.

*James Carr* for respondent.

Falsehood is the mischief which the statute guards against. R. S. 1855, p. 750, § 65; *Tomlinson v. Long*, 8 Jones L. 469; *Albright v. Tapscott*, 8 Jones L. 473; *Lemit v. Freeman*, 7 Ired. 317; *Houser v. Hampton*, 7 Ired. 333; *Peebles v. Newsom*, 74 N. C. 473; *Andrew v. Parker*, 6 Blackf. 461. The return is conclusive between the parties to the case. Its truth can only be contradicted in a suit against the sheriff for a false return. *Macdonald v. Leewright*, 31 Mo. 29; *Hallowell v. Page*, 24 Mo. 590; *Stewart v. Stringer*, 41 Mo. 400; *O'Connor v. Wilson*, 57 Ill. 226. An amendment is not allowable after an action for a false return has been commenced against the sheriff, and it is too late after twelve years of litigation. *Stewart v. Stringer*, 45 Mo. 113; *s. c.*, 41 Mo. 400. The sheriff's return is conclusive against him. He has no right to contradict, vary, change or amend it after suit brought against him for a false return. *Boone County v. Lowry*, 9 Mo. 23; *Gardner v. Hosmer*, 6 Mass. 325; *Purrington v. Loring*, 7 Mass. 388; *Butler v. State, etc.*, 20 Ind. 169; *Simmons v. Bradford*, 15 Mass. 82; *Weld v. Bartlett*, 10 Mass. 470; *Sheldon v. Payne*, 7 N. Y. 453; *s. c.*, 10

N. Y. 398; *Flick v. Troxsell*, 7 Watts & S. 65. The damages for failure to return an execution in proper time are *prima facie* the amount specified in the execution. *Ledyard v. Jones*, 7 N. Y. 550; *Bowman v. Cornell*, 39 Barb. 69; *Patterson v. Westervelt*, 17 Wend. 543; *Bank v. Curtiss*, 1 Hill 275; *Pardee v. Robertson*, 6 Hill 550; *Kellogg v. Manro* 9 John. 300.

Hough, C. J.—On the 30th day of October, 1858, the relator recovered a special and general judgment against Beverly Frields and C. C. Woodson for $1,567.70 debt, $155.34 damages and $12.80 costs, to be first levied of certain land having a mill thereon, and if the same should not satisfy said judgment, then to be levied of any other goods, chattels, lands and tenements of said Frields and Woodson. Execution issued in pursuance of said judgment, returnable April 27th, 1859. Upon this execution the following return was made: "I executed the within by levying upon one steam saw mill February 23rd, 1859, and by exposing the same for sale on the 12th day of April, after giving ten days notice of time, terms and place of sale, and Alexander Crawford being the last and highest bidder for the same, it was stricken off and sold to said Crawford for the sum of $70. This execution is, therefore, entitled to a credit of $70. This execution ordered returned not satisfied by attorneys T. L. Anderson and Southworth, for plaintiff, May 23rd, 1859, and by summoning as garnishees Beverly Frields, W. W. Wise, J. J. West, Robt. Jenkins, Andrew Jenkins (and others named), on this 21st day of March, 1859."

The present action was instituted in 1861 against the sheriff and his sureties on his official bond for an alleged failure of said sheriff to execute said writ according to the terms, and the following breaches were assigned: 1st, That the sheriff failed to sell the tract of land described in said execution, according to the command thereof, and levied on and sold a steam saw mill for $70, which was in-

dorsed on the execution as a credit, and summoned sundry persons as garnishees. 2nd, That so much of the return as states that the execution was ordered to be returned not satisfied, by attorneys T. L. Anderson and Southworth, was false. 3rd, That the sheriff failed to return said execution according to the command thereof.

The answer to the first breach alleges that the relator ordered the sheriff not to sell said tract of land, but to sell only the mill thereon. There was a finding and judgment for the defendants on this breach, and it need not be further noticed.

An amended answer to the second breach filed in 1875 admitted the making of the false return, and alleged that the same was made through mistake and misapprehension of a conversation had with said attorneys, and averred that on the 6th day of June, 1873, the circuit court of Audrain county, on motion of said sheriff—the said Ross appearing thereto—by its order granted leave to said sheriff to amend said return by omitting in the same the words, "This execution ordered returned not satisfied by attorneys T. L. Anderson and Southworth, for plaintiff, May 23rd, 1859," and that said sheriff appeared and in said court amended said return by omitting in the same said words, and that said court thereupon amended said return, and ordered and adjudged that said original return be and the same is reformed and amended as and in conformity with the amended return, which is to stand for said original return; all of which the trial court, on motion of plaintiff, struck out as constituting no defense.

The answer also averred that, when said original return was indorsed on the execution, the same was wholly unsatisfied except said $70, and that said Frields and Woodson were insolvent and had no other property to levy on; to which portion of the answer a demurrer was sustained.

The answer to the third breach denied that the execution was not returned according to the command; averred

that the sheriff had all the money that was made on the execution before the court on the return day, and paid it to plaintiff; denied that said tract of land was worth $2,000, as alleged in said breach, and any damages to relator, and averred that said Ross afterward sued out another execution on said judgment and had said land sold for the sum of $61.

The instructions of the court as to the second and third breaches, are as follows:

2.  The pleadings show that the return on the execution was false, in so far as it states that the execution was returned unsatisfied by the order of Anderson and Southworth, attorneys for the plaintiff in the execution, and the falsehood of said return will sustain an action against the sheriff and his securities on his official bond, and such false return was a breach of the condition of the bond.

3.  The measure of the damages sustained by the breach of the condition of the bond by reason of the false return, is fixed by statute at the amount of the debt then due on the execution, less all payments before or afterward made thereon.

4.  The measure of the damages arising out of the third breach assigned in the petition, should that breach be found for the plaintiff, is nominal only, plaintiff having failed to prove any actual damage arising out of said breach.

Numerous instructions were asked by the defendants and refused by the court, of which it will only be necessary to notice the second and seventh, which are as follows:

2.  If the court find from the evidence that the relator, Ross, ordered the sheriff to not sell or excused him from selling the real estate described in the petition, and ordered or directed him to sell a steam saw mill standing on the same separate and apart from said land, and that in pursuance thereof said sheriff did so sell said steam saw mill for the sum of $70, and returned the said sale on said execution, and that it is not shown in evidence that the said

Frields and Woodson, while said execution was in the hands of said sheriff, and when he made said return on said execution, and when said return was indorsed on said execution, had any other property subject to execution, and the same was unsatisfied except the $70, and no other property levied on, the words: "This execution ordered returned not satisfied by attorneys T. L. Anderson and Southworth for plaintiff," will not authorize a verdict for the relator, although in point of fact the court may believe that the said Anderson or Southworth, or either of them, did not order said sheriff to return said execution not satisfied.

7. If the court should find the issue on the second breach assigned for the plaintiff, it should only assess such damages as it may believe from the evidence that the relator, Ross, has sustained by said breach.

The amendment made in 1873 of the sheriff's return constituted no defense to the second breach alleged by plaintiff, and the plea thereof was properly stricken out by the court. The amendment made was itself a confession that the return made in 1859 was a false return, but it could not relieve the sheriff and his sureties from the liability incurred by them by reason of such false return. This case is not like that of *Corby v. Burns*, 36 Mo. 194, relied upon by the defendants. In that case a constable was sued for failing to return an execution in time, and after suit brought he was allowed to amend his return in accordance with the facts, so as to show that the execution had in fact been returned at the time prescribed by law, and he thereby defeated the action of the plaintiff. There the officer had in fact performed his duty, but the return first made failed to show the fact. Here the violation of duty complained of consisted in making the false return, and no amendment of the return could make that true which was false when made, or could absolve the sheriff from liability for having made a false return. The right of action of the relator

1. SHERIFFS: execution: false return: amendments.

arises out of the false statement by the officer of facts, which if true, would have exempted him from liability for having failed to collect the sum due on the execution then in his hands, and this right of action cannot be taken away by an amendment expunging such false statement, after the injury, which the law presumes, has been inflicted.

The demurrer of the plaintiff to that portion of the answer setting up the insolvency of the execution defend-

2. ——: ——: ants, was properly sustained. Such a plea is
——: insolven-
cy. no bar to an action for false return. *Stevens v. Beckes,* 3 Blackf. 88 ; R. S. 1879, § 2401. The statute cited declares that any officer who shall make a false return of any execution which shall be delivered to him " shall be liable and bound to pay the whole amount of money in such writ specified, or thereon indorsed and directed to be levied," regardless of the real extent of the injury occasioned by such false return. The penalty imposed by the statute cited was by the statutes of 1835 imposed upon the officer for failing to make return of an execution according to law, and while this provision was characterized by this court, in the case of *Milburn v. State,* 11 Mo. 188, as an exceedingly harsh one, inflicting in many instances a penalty greatly disproportioned to the delinquency of the officer, it was nevertheless enforced. Since the revision of 1845, however, the liability of the officer for failing to re-return an execution has been limited to the damages actually sustained in consequence of such default. But the penalty of making full payment of the amount of the execution still remains for making a false return. It follows, that the court committed no error in giving the second and third instructions for the plaintiff, and in refusing the second and seventh asked by the defendants.

The court erred, however, in giving the fourth instruction for plaintiff and in rendering judgment in his favor

3. ——: ——: on the third breach. Although the sheriff may
failure to return:
damages. have failed to return the execution at the

time fixed by law, yet no damages were proved, and under the decision of this court in *Stevenson v. Judy*, 49 Mo. 227, the relator was not even entitled to nominal damages. The judgment will be reversed and the cause remanded with directions to the circuit court to enter up judgment for the relator on the second breach, and for defendants on the other breaches. All concur.