THE STATE ex rel. LOUIS NOLTE and UNITED STATES FIDELITY & GUARANTY COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, June 19, 1920.

**LIABILITY OF SHERIFF: Release of Execution: Good Faith.** Under Section 2240, Revised Statutes 1909, an officer is not liable absolutely, under all circumstances, for the face of the execution, when he fails to sell property levied upon by him. If the sheriff, acting in good faith, in an earnest effort to follow the law, releases from execution property, he can be held liable, in a suit on his bond, for no more than the real value of the property levied upon. This was the ruling of the Supreme Court in its former disposition of this case, and is the doctrine of Metzner v. Graham, 66 Mo. 653, which announces the reasonable rule, and has never been overruled.

## Certiorari.*

WRIT QUASHED.

*Charles A. Houts,* for relators.

(1) Sec. 2240, R. S. 1909, is a penal statute designed to punish willful misconduct and negligence on the part of sheriffs in the performance of their official duties. It has no application to the acts of an officer, who in their performance, proceeds with care and with an earnest desire to do his full duty under the law. State ex rel. v. Nolte, 203 S. W. 956. (2) If the officer makes an honest mistake he is liable for such actual damages as may result, but cannot be punished by being compelled to pay an arbitrary sum wholly unrelated to the consequences of his mistake. State ex rel. v. Nolte, 203 S. W. 956; Stephenson v. Judy, 49 Mo. 227; State ex rel. v. Langdon, 57 Mo. 353; Kiskaddon v. Jones, 63 Mo. 190; Metzner v. Graham, 66 Mo. 653; Taylor v. Wimmer, 30 Mo. 127; Nash v. Muldoon, 16 Nev. 404; Johnson v. Graham, 6 Cal. 195; McMahan v. Hall, 36 Texas, 59; Crooker v. Melick, 18 Nev. 227; Swenson v. Christopherson, 10 S. D. 188; Shufeldt v. Barlass, 33 Nev. 785. (3) The penalty of paying the full amount specified in the execution is only imposed on the officer (Sec. 2240, R. S. 1909) if he "neglects" or "refuses" to execute his duty. The words "neglect" and "refuse" as here used should be construed as applying only to willful or negligent failure on the part of the officer to perform his official duty. Such has been the interpretation put upon them in other penal statutes. State ex rel. v. Adams, 101 Mo. App. 468; Gallemore v. Gallemore, 115 Mo. App. 179; State v. Burton, 267 Mo. 61.

*Chas. B. Stark* and *Christian F. Schneider* for respondents.

(1) The sheriff having refused to sell the shares levied on under the execution is liable and bound to pay

the whole amount therein directed to be levied. R. S. 1909, sec. 2240; Douglass v. Baker, 9 Mo. 41; Milburn v. State, 11 Mo. 188; State ex rel. Ross v. Case, 77 Mo. 253; State ex rel. v. Nolte, 187 S. W. 896; Same v. Same, 203 S. W. 956. (2) The same doctrine is declared in other jurisdictions: (a) Where our statute has been adopted. Atkinson v. Heer, 44 Ark. 174; Jett v. Shinn, 47 Ark. 373; Norris v. State, 22 Ark. 524; Glove Mfg. Co. v. Needles, 16 C. C. A. 132; Grubbs v. Needles, 17 C. C. A. 60. (b) Where the amount of execution is the measure. Cox v. Ross, 56 Miss. 481; Beal v. Shattrick, 53 Miss. 358; Morehead v. Holliday, 1 Sm. of M. 625; Flournoy v. Rubey, 5 J. J. Marsh (Ky.) 322; Amey v. Kennedy, 1 Ashmead (Pa.) 160; Shover v. Fink, 5 W. & S. (Pa.) 459; Bachman v. Fenstermacher, 112 Pa. St. 331. (c) Where there are similar statutes. Turner v. Page, 111 N. C. 293; Swain v. Phelps, 125 N. C. 43; Cowan v. Sloan, 95 Tenn. 424; Hustick v. Allen, 1 N. J. L. 168; Watson v. Hoel, 1 N. J. L. 136; Noble v. Whetstone, 45 Ala. 361; Chandler v. Crawford, 7 Ala. 506; Magee v. Robins, 2 La. Ann. 411; Smothers v. Field, 65 Tex. 435; Robertson v. Marshall Co., 10 Ill. 559; Graham v. Newton, 12 Ohio, 210. (3) The statute, through its several enactments and revisions, has always provided that a sheriff who levies on property and refuses to sell it "shall be liable and bound to pay the whole amount of money in such writ specified, or endorsed thereon and directed to be levied." R. S. 1825, p. 371, sec. 24; R. S. 1835, p. 260, sec. 52; R. S. 1845, p. 486, sec. 58; R. S. 1855, p. 750, sec. 65; G. S. 1865, p. 647, sec. 63; 1 Wag. Stat. p. 614, sec. 63; R. S. 1879, sec. 2401; R. S. 1889, sec. 4963; R. S. 1899, sec. 3219; R. S. 1909, sec. 2240. (4) The interpretation by the Supreme Court that the statute fixes the measure of damages and does not allow that question to be considered by the trier of the facts has become a part of the statute by its repeated re-enactment and revision and is not now open to review by the courts. Handlin v. Morgan County, 57 Mo. 117; Northcutt v. Eager, 132 Mo. 277; Sanders v. Anchor Line, 97 Mo. 26;

State v. Hamey, 168 Mo. 194. (5) The statute on which this action is based increases the damages allowed at common law and fixes the measure of damages and is to be liberally expounded in favor of the creditor. Ellis v. Whitlock, 10 Mo. 783; Buchholz v. Ins. Co., 176 Mo. App. 469; Hustick v. Allen, 1 N. J. L. 168; Graham v. Newton, 12 Ohio, 210; Wilson v. Young, 58 Ark. 597; Turner v. Page, 111 N. C. 293; Stanley v. Wharton, 9 Price, 307, 310; Reed v. Northfield, 13 Pick. 101; Read v. Chelmsford, 16 Pick. 128, 132; Huntington v. Attrill, 146 U. S. 667. (6) The ignorance of the sheriff and the error of his lawyers concerning the Act of 1855-9 is "no excuse for his failure to comply with its provisions." Townsend v. Finley, 3 Mo. 288; Beckham v. Nacke, 56 Mo. 546; State v. Welch, 73 Mo. 284; Bayard v. Smith, 17 Wend. 88; Houser v. Wilson, 29 N. C. 333; Watson v. Hoel, 1 N. J. L. 136; Cowan v. Sloan, 95 Tenn. 424. (7) That "the sheriff had no corrupt or bad intentions," or that his act was the result of an error or mistake is immaterial. Swain v. Phelps, 125 N. C. 44; Douglas v. Baker, 9 Mo. 41; Milburn v. State, 11 Mo. 188; State ex rel. v. Case, 77 Mo. 253; Finley v. Hayes, 81 N. C. 368; State ex rel v. Nolte, 187 S. W. 896. (8) The defendants cannot be heard to defend the sheriff's refusal and neglect to do his duty by claiming that the shares were of no value, and therefore that the relator was not damaged. Douglas v. Balser, 9 Mo. 41; Milburn v. State, 11 Mo. 188; State ex rel. Ross v. Case, 77 Mo. 247; State ex rel. v. Nolte, 187 S. W. 896; Buckley v. Hampton, 23 N. C. 322; Cox v. Ross, 56 Miss. 481; Atkinson v. Heer, 44 Ark. 174; Noble v. Whetstone, 45 Ala. 361; Grubbs v. Needles, 17 C. C. A. 60; Webb v. Armstrong, 5 Hump. (Tenn.) 379; Fowler v. McDaniel, 6 Heisk. (Tenn.) 532; Robertson v. County Com., 10 Ill. 559; Bachman v. Fenstermacher, 112 Pa. St. 331; Magee v. Robins, 2 La. Ann. 411. (9) The sheriff, having refused to make a sale because the relator failed to give him a bond of indemnity for $49,000 cannot now be heard to say that the shares were not of sufficient value to satisfy the execution for less than one-twentieth of that

sum. Long v. Long, 111 Mo. 12; Brown v. Brown, 90 Mo. 190; Darrett v. Donnelly, 38 Mo. 492; Atteberry v. Powell, 29 Mo. 429. (10) All facts necessary to entitle the plaintiff to recover being admitted in the answer the court should have sustained the motion for judgment. Bank v. Hainline, 67 Mo. App. 487; Dezell v. Insurance Co., 176 Mo. 253; Morgan v. Durfee, 69 Mo. 476.

GRAVES, J.—*Certiorari* to the St. Louis Court of Appeals. The action out of which the present proceeding grows is the case of State ex rel. v. Louis Nolte and United States Fidelity & Guaranty Company, in the St. Louis Circuit Court. Nolte was the sheriff of the city, and the other defendant the surety upon his official bond. The case has had a checkered career, which is fairly outlined by the petitioners' petition in this court in the instant case, thus:

"The suit was upon the official bond of said Louis Nolte as Sheriff of the City of St. Louis, Missouri, for damages in the sum of $2,183.57, said amount being the amount for which the said Missouri Poultry & Game Company has secured a judgment against one Joseph Filler. It was alleged that the said Louis Nolte, under the execution issued upon said judgment, had levied upon certain shares of stock, and had failed, neglected and refused to sell the shares of stock so levied upon. Upon a trial of said cause, the circuit court directed a judgment for the full amount of the execution, said court being of the opinion that under Section 2240, Revised Statutes 1909, the sheriff was liable, irrespective of his good faith and irrespective of the actual damages suffered by the execution plaintiff.

"Upon an appeal being taken to the St. Louis Court of Appeals, that court affirmed the judgment, all judges concurring; but upon a motion for a rehearing, Judge REYNOLDS withdrew his concurrence and certified the case to this court, because, in his opinion, the opinion and decision of the court was in direct conflict with the ruling of this court in the case of Metzner v. Graham,

283 Mo.—17

66 Mo. 653. The said opinion of the St. Louis Court of Appeals will be found in 187 S. W. 896. Said cause was thereupon heard in Division Two of this court where two opinions were written (one being upon motion for rehearing), and then being certified to Court in Banc; when there heard, the divisional opinions were adopted as the opinion of Court in Banc. The opinions of this court will be found in 203 S. W. 956.

"By the judgment of Court in Banc, the judgment of the Court of Appeals and of the circuit court were reversed and the cause remanded to the Circuit Court of the City of St. Louis. Upon a rehearing of said cause before Honorable Franklin Ferris, Judge of the Circuit Court, sitting without a jury, said court found that the sheriff had at all times acted in good faith, upon the advice of counsel, provided for him by law, with no interest other than to perform his full duty as sheriff. The court also found that the stock which he had released from levy had no substantial value. The circuit court entered a judgment against the defendant for one dollar and for costs. From this judgment the plaintiff therein took an appeal to the St. Louis Court of Appeals, where on January 6, 1920, in accordance with an opinion by Judge ALLEN, filed on that day, the judgment of the circuit court was reversed and the cause remanded with directions to enter judgment against defendants in said cause for the full amount of the execution."

The opinion which we are called upon to review in this proceeding by *certiorari,* thus states the facts:

"This is an action upon the official bond of the defendant Nolte, former Sheriff of the City of St. Louis. The relator, the Missouri Poultry & Game Company, having previously obtained a judgment against one Joseph Filler, in the sum of $2,161.37, sued out an execution thereon and caused a levy to be made by the defendant sheriff upon certain shares of stock of a corporation, the Joplin Mercantile Company, as the property of said Filler. The sheriff duly advertised this corporate stock for sale under the execution, but prior to the date of sale Filler's wife filed a third-party

claim thereto. This claim did not state the value of the property levied upon. The sheriff thereupon demanded of relator an indemnifying bond in the sum of $49,000, being, it is said, double the par value of the corporate stock mentioned; and upon relator's refusal to give such bond, the defendant declined to proceed with the sale. Relator thereupon instituted this action against the sheriff and the surety upon his official bond, namely, the United States Fidelity & Guaranty Company, seeking to recover the entire amount of the judgment debt under the provisions of Section 2240, Revised Statutes 1909.

"The third-party claim did not comply with the 'Sheriff's and Marshal's Act' (R. S. 1899, p. 2550 et seq.), upon which plaintiff relied as being in force in the City of St. Louis, in that the claim, for one thing, did not state the value of this corporate stock. Plaintiff's action, therefore, proceeded upon the theory that the third-party claim was not a valid one under the law and afforded no protection to the defendant sheriff in refusing to proceed with the sale.

"This is not the first appearance of the case in this court. Upon the first trial thereof in the circuit court, before the court without a jury, the court gave a declaration of law to the effect that under the pleadings and evidence plaintiff was entitled to recovery and entered judgment for plaintiff for the penalty of the bond, to-wit, $50,000, to be satisfied upon the payment to relator of the sum of $2,565.35, the amount of relator's judgment against Joseph Filler, with interest and costs. From that judgment the defendants appealed to this court, where, by a majority of the court, the judgment was ordered to be affirmed. [See State ex rel. v. Nolte, 187 S. W. 896.] Upon the dissent of one member of the court, however, the cause was certified to the Supreme Court, where it was disposed of by an opinion, or rather two opinions, of Commissioner Roy (State ex rel. v. Nolte et al., 203 S. W. 956). An order was entered by the Supreme Court reversing the judgment and remanding the cause. It has since been tried in the

circuit court, before the court without a jury, a jury having been waived. Upon this last trial, the trial court found the issues in favor of plaintiff, but found that plaintiff was entitled to nominal damages only. Judgment was therefore entered for plaintiff for the penalty of the bond, to be satisfied upon the payment of damages assessed at the sum of one dollar. From this judgment the plaintiff prosecutes the appeal now before us.

"Reference to the opinion of this court on the former appeal will disclose that there were two vital questions raised and considered in the case. One of these was whether the old Sheriff's and Marshal's Act was still in force in the City of St. Louis, or, as contended by the defendant, had been repealed and superseded by the general law. Upon that question we held that the Sheriff's and Marshal's Act remained in full force and effect as a special law applicable to the City of St. Louis. With that question decided in plaintiff's favor, it followed that the third-party claim, by reason of which the defendant sheriff refused to proceed with the sale of the corporate stock mentioned, afforded no protection to the sheriff in so doing, for the reason that the claim, as said, did not comply with this special law. The next question, then, was one pertaining to the amount which plaintiff was entitled to recover, namely, whether plaintiff was entitled to recover merely the damages suffered by the wrongful act of the sheriff, or entitled to recover the full amount of the judgment debt under Section 2240, Revised Statutes 1909. As to this question we held, under that statute and decisions of the Supreme Court thereupon, that the defendant sheriff is liable for the full amount of the execution debt.

"Upon certification to the Supreme Court an opinion was first written in the cause by Roy, Commissioner (see State ex rel. v. Nolte, 203 S. W. 956), holding that the provisions of the special law, Sheriff's and Marshall's Act, relating to third-party claims to personal property levied upon, had been superseded by what is now Section 2204, Revised Statutes 1909; and that

since the third-party claim here involved complies with that section it is valid. On motion for rehearing, a more extensive opinion was written by the Commissioner, wherein it is said, in substance, that the special law, the Sheriff's and Marshal's Act, was superseded by the general law, in so far as the latter applies to "the acts of 'sheriffs, coroners and marshals' under writs of execution."

"The claim of Mrs. Filler set up that a part of the corporate stock in question had been pledged to her in payment of a debt of Filler, and that the debt had matured. And in discussing this question it is held in the opinion of the commissioner that the equity of redemption in corporate stock is not leviable. This matter need not be further noticed here.

"The commissioner's opinion does not in terms pass upon the question as to the damages recoverable in such case; though reference is therein made to the case of State ex rel. v. Case, 77 Mo. 247, wherein it is held that for a false return of an execution a sheriff is liable to the full amount of the execution debt.

"Following the opinions of the commissioner, as unofficially reported in 203 S. W. 960, appears the following, indicating the respective positions of the members of the Supreme Court upon the two questions, viz:

" 'PER CURIAM:—The foregoing opinion and the opinion on motion for rehearing filed herewith of Roy, C., are adopted as the opinion of Court in Banc. *Williams, Woodson* and *Blair, JJ.,* concur; *Faris, J.,* concurs in result and in opinion of *Graves, C. J.; Walker* and *Bond, JJ.,* dissent; *Graves, C. J.,* concurs in separate opinion.

" 'GRAVES, C. J.—I concur in the result only of the learned commissioner's opinion in this case. To my mind the case of State ex rel. v. O'Neil Lumber Company et al., 170 Mo. 7, 70 S. W. 121, settles the question as to which law is applicable. The effect of that ruling is that the sheriff is governed by the prior special law,

and not by the later general law. The commissioner rules *contra*. To this ruling I do not agree in view of the O'Neil Lumber Company case, supra.

" 'However, I do agree to the reversal of the judgment, and the remanding of the cause, as called for by the opinion. My reasons therefor are different from those specified by the commissioner. The record shows the utmost good faith of the sheriff in the handling of the execution. It fails to show any negligence or willful misconduct. It shows an earnest effort to try to follow the law, as he was advised upon that subject. Under such state of facts, I do not think that he can be held for more than the real value of the stock levied upon by him. If this stock was worth at the time of levy the amount of the execution, the sheriff would be liable for the amount of such execution, but on the other hand, if it was not worth such amount, the sheriff should not be held for more than the actual value at the date of the levy. These views would call for the reversal of the judgment and a remanding of the cause, which is the result reached by the commissioner's opinion. For these reasons I concur in the result only of that opinion. *Faris, J.*, concurs in these views.'

"It will be thus seen that three members of the court, viz., WILLIAMS, WOODSON and BLAIR, JJ., concurred fully in the commissioner's opinion; WALKER and BOND, JJ., dissented *in toto;* while GRAVES, C. J., and FARIS, J., concurred for the reasons set forth in the concurring opinion of the former. Now, as said, of the two vital questions which had been up for consideration by this court in the case, the commissioner's opinion disposes of but one. And the view of the commissioner that the Sheriff's and Marshal's Act had been, partially at least, superseded by the general law, was not concurred in by a majority of the members of the Supreme Court, but on the contrary was concurred in by but three members of that court. To that proposition WALKER and BOND, JJ., dissented, since they dissented *in toto;* and to that proposition GRAVES, C. J., and FARIS,

J., expressly dissented.  Consequently we are bound to conclude that a majority of the members of the Supreme Court judicially determined that the Sheriff's and Marshal's Act was and is still in full force and effect in the City of St. Louis.  And from this it follows that this third-party claim was not valid, and afforded the sheriff no lawful ground for refusing to sell.

"The other question discussed and passed upon by this court in the case, i. e., the amount of damages recoverable, was not in any manner disposed of by the commissioner.  It is not directly dealt with except in the concurring opinion of GRAVES, C. J., concurred in only by FARIS, J., wherein it is held that since the defendant sheriff acted in good faith, in an earnest effort to follow the law as he was advised by counsel upon that subject, he can be held liable for no more than the real value of the stock levied upon by him.  This rule would indeed be a just one when applied to the facts of this case.  But we previously felt compelled to hold to the contrary, nor do we see any escape from the conclusion that it is our duty now to so hold.  The statute in question (Sec. 2240, R. S. 1909) provides as follows:

" 'If any officer to whom any execution shall be delivered shall refuse or neglect to execute or levy the same according to law, or shall take in execution any property, or any property be delivered to him by any person against whom an execution is issued, and he shall neglect or refuse to make sale of the property so taken or delivered, according to law, or shall make a false return of such writ, then, in any of the cases aforesaid, said officer shall be liable and bound to pay the whole amount of money in such writ specified, or thereon indorsed and directed to be levied.'

"And, as pointed out by us in our former opinion herein, it has been heretofore consistently ruled that for a neglect of duty in any of the instances mentioned, the sheriff is liable for the full amount of the execution debt.

"In view of the language of the statute and the express prior rulings of the Supreme Court last above mentioned, it is our clear duty to hold that the defendant is liable for the full amount of the execution debt, unless it can be said that in this very case, upon certification, the Supreme Court has held to the contrary. But we regard it as entirely clear that such was not the ruling of a majority of the judges of the Supreme Court; but, on the contrary, that what is said as to this in the opinion of GRAVES, C. J., concurred in by FARIS, J., is but an expression of the individual views of those two members of that court. Obviously such view was not concurred in by any of the other members of the court. And while we have a very high regard for the views of these two judges, we are unable to follow them, for the reason that it is our express duty, under the Constitution, to follow the last controlling decision of the Supreme Court.

"Upon the last trial of this case in the circuit court the court, while holding that the third-party claim 'did not comply with the requirements of the statute applicable hereto,' took the view expressed by Judge GRAVES in his concurring opinion, supra, and, at the instance of defendant, gave the following declaration of law:

" 'The court declares the law to be that if the court believes and finds from the evidence that the defendant Nolte, his deputies and his attorneys in so far as they had anything to do with the levy of the execution referred to in the evidence and the subsequent release of the shares of stock levied upon thereunder, acted in good faith and with a sincere desire to perform their duties as public officials, and that they were not negligent and not wilfully or intentionally disregardful of their duties, then the defendants are liable for only the actual amount of damage sustained by the plaintiff by reason of the failure of the sheriff to sell the shares of stock levied upon.'

"And proceeding upon this theory the court proceeded to determine the damages which plaintiff had

actually suffered by reason of the failure and refusal of the defendant sheriff to make the sale, and found that plaintiff had suffered nominal damages only. In thus declaring the law, and predicating his finding thereupon, we must hold that the trial judge committed error.

"The other questions raised by appellant become immaterial.

"The judgment is consequently reversed and the cause remanded, with directions to the circuit court to enter judgment for plaintiff for the full amount of the execution debt, with interest and costs."

Counsel for relators, or petitioners, charge that the foregoing opinion not only conflicts with previous named cases of this court, but conflicted with our own ruling in this same case when here upon certification by the St. Louis Court of Appeals. In the present opinion of the Court of Appeals the full opinion of Roy, C., is not set out, but by direct reference it is made a part thereof. This gives us the full outline of the instant case.

I. Going to the opinions of this court in the case of State ex rel. Poultry & Game Co. v. Nolte, 203 S. W. 956, we find the expressions of the judges of this court, on the two questions discussed by the Court of Appeals in the opinion now before us. These opinions consist of (1) the original opinion of Roy. C., in Division Two, (2) the opinion of Roy, C., in said Division Two on the motion for re-hearing, (3) the *Per Curiam* opinion in Banc, and (4) the separate concurring opinion of GRAVES, C. J., and FARIS, J., in Banc. The views of these four separate documents constitute the views of this court upon the two questions, if they were passed upon therein.

The first question was as to whether or not the "Sheriff's and Marshal's Act" of 1855 (Laws of 1854-5, p. 464) applied, or our present Section 2204, Revised Statutes 1909, applied. This, on the theory that the third-party claim was good under the latter act, but not good under the former. Roy, C., held that Section 2204 applied, and upon this question (*Per curiam* opinion in

Banc) WOODSON, WILLIAMS and BLAIR, JJ., concurred; WALKER and BOND, JJ., dissented, and the separate concurring opinion of GRAVES, C. J., and FARIS, J., shows that they refused to consent to that ruling, so that upon that question the present opinion of the Court of Appeals conforms to this last ruling of this court.

II.   The opinion before us for review, says that as to the second proposition before them, i. e. that the mere failure of the officer to levy rendered him liable for the full amount of the execution, irrespective of the good faith of the officer, and irrespective of the

Ruling on Sheriff's Liability.

amount of damages actually suffered by such official failure, this court made no ruling when the case was here upon former appeal, on the certification of the St. Louis Court of Appeals.   In this we think the Court of Appeals is in error.   It is true that our views were divided and differently expressed. but when the proposition is considered, and the votes of the members of this court counted, it will be found that a majority voted that, where the officer acts in good faith in the performance of his duty, then under Section 2240, he is liable only for the actual damages which occurred by his honest, but mistaken, judgment.   In the opinion on motion for rehearing, ROY, C., said:

"This case was certified here because REYNOLDS, P. J., deemed the opinion of the Court of Appeals in conflict with Metzner v. Graham, 66 Mo. 653.   Respondent says that the latter case was impliedly overruled by State ex rel. v. Case, 77 Mo. 247. In the first of those two cases this court, speaking of the liability of a sheriff for failure to properly execute a writ of attachment, said:

" 'It cannot be that mere technical breach of duty, or abstract remissness, unaccompanied by resulting injury, can form the basis for a substantial recovery, not at all proportionate to the actual damages sustained.'

"In that case, so far as appears, the officer acted in good faith and from error of judgment.   In the latter one of those cases it was held that the sheriff is liable for a

false return on an execution to the full amount of the execution debt. That is by no means an overuling of the Metzner Case, which still stands as good law. This case was properly certified here.''

To the above quoted views, BLAIR, WOODSON and WILLIAMS, JJ., gave their consent. That GRAVES, C. J., and FARIS, J., expressed the same thought, in slightly different verbiage, in the separate concurring opinion, can not well be questioned. So that on the proposition urged by plaintiff in that case, i. e., that, under Section 2240, Revised Statutes 1909, there was an absolute liability upon the part of the officer for the amount of the execution, there were five votes of this court against such view. It is clear that a majority of this court gave assent to the doctrine announced in the case of Metzner v. Graham, 66 Mo. 653.

The opinion of ROY, C., quoted supra, approved the doctrine of the Metzner case, and three judges here, BLAIR, WOODSON and WILLIAMS, concurred. It is true that the opinion of GRAVES, C. J., and FARIS, J., does not mention the Metzner case, but it does announce the identical rule, so that for such rule there were five votes. That doctrine did not permit a recovery of the full amount of the execution, irrespective of the good faith of the officer, and irrespective of the actual damages. Where the officer acts in good faith, and uses his best judgment, and is not remiss in attempting to faithfully perform his duties, he should not be held for more than the actual damages occasioned by his honest, but erroneous, judgment. The St. Louis Court of Appeals did not follow these views, in the opinion before us.

III. But even if there were doubt as to how this court ruled the question in State ex rel. v. Nolte, 203 S. W. l. c. 960, all that could be said is that only three judges expressly approved the Metzner case. No one voted to overrule it. The Metzner case would then be the last controlling opinion. This Metzner case was an action under Section 63, of 1 Wagner's Statutes, page 614, which is now our Section 2240, Revised Statutes 1909,

The outline of the petition in the Metzner case shows it to be an action under Section 63 of 1 Wagner's Statutes, page 614. That case disapproved the doctrine that an officer was liable absolutely, under all circumstances, for the face of the execution when he failed to sell property levied upon by him. It is the reasonable rule. It is the last expression (not counting our ruling in 203 S. W. supra) upon the question involved in this record. The opinion contravenes this case upon the doctrine of the officer's liability. No officer, who in good-faith undertakes to perform his duty, should be held liable for more than actual damages for his error of judgment. Judge Ferris of the trial bench was right in his conclusions on the case before him and before the Court of Appeals. It follows that the judgment of the St. Louis Court of Appeals, together with that portion of their opinion relating to the officer's liability under Section 2240, Revised Statutes 1909, should be quashed. It is so ordered. All concur except *Woodson, J.*, absent.