LOUIS NOLTE and UNITED STATES FIDELITY & GUARANTY CO., a corporation, Petitioners, v. FRANKLIN FERRIS, Judge of Division No. 4 of the Circuit Court of the City of St. Louis, Mo., and MISSOURI POULTRY & GAME CO., a corporation, Respondents.

St. Louis Court of Appeals.    Argued and Submitted November 31, 1920.    Opinion Filed December 7, 1920.

PROHIBITION:    Judgment and Mandate of Court of Appeals Quashed by Supreme Court: Execution a Nullity: Prohibition Proper Remedy. Where the judgment and opinion of the Supreme Court rendered a judgment of the Court of Appeals, and mandate issued therein, nullities, the judgment of the circuit court and the execution issued thereon, being bottomed on such mandate of the Court of Appeals which was withdrawn, fell with it, and when execution was issued on the strength of such judgment and mandate, the execution became a nullity, having nothing upon which to stand, and the whole case was within the reach of the writ of prohibition, and the fact that the circuit court had adjourned for the term can make no difference, inasmuch as that court was endeavoring to carry out a judgment which had been nullified by the action of the Supreme Court.

PROHIBITION, ORIGINAL PROCEEDING.

PRELIMINARY WRIT MADE ABSOLUTE.

*Charles A. Houts* for petitioners.

*Charles B. Stark* and *Christian F. Schneider* for respondents.

REYNOLDS, P. J.,—Our court, in State ex rel. Missouri Poultry & Game Company v. Nolte et al., not officially reported, but see 217 S. W. 541, reversed the judgment of the circuit court and remanded the cause. with directions to that court to enter judgment for plaintiff in that cause for the full amount of the execution debt, with interest and costs. That opinion was filed January 6, 1920. No motion for rehearing having been filed, a mandate issued to the circuit court, in due course, on January 21, 1920. That mandate was called to the attention of the circuit court on January 22, 1920, during the December, 1919, term of that court, whereupon the circuit court, on that date, ordered judgment entered for the penalty of the bond, to be satisfied upon the payment of the damages assessed, $3195.73, and costs. Afterwards the defendant in that cause made application to the Supreme Court for its writ of *certiorari* against our court, to review and quash the judgment of our court referred to above. Whereupon our court recalled the mandate theretofore issued in this cause, upon our attention being called to the fact that application was pending in the Supreme Court for the writ of *certiorari* mentioned. Thereupon, and on June 19, 1920, the Supreme Court issued its writ of *certiorari* in the cause, quashing the judgment of our court wherein we had reversed the judgment of the circuit court, and also quashing that portion of our opinion therein "relating to the officier's liability under section 2240, Revised Statutes 1909." Our order recalling the mandate was made after the December term of the circuit court at which the judgment of that court had been entered upon it had expired, but during the same term of our court at which our opinion and decision had been rendered and the mandate recalled. The cause being afterwards ap-

pealed, it was set down in our court for hearing. Plaintiff, relator in the cause below and above referred to, at the February, 1920, term of the circuit court, sued out execution in that court on the judgment entered by it under our mandate and caused the same to be placed in the hands of the sheriff for levy and proceedings thereunder as required by law, whereupon the defendant in that cause (Nolte) and the surety on his bond, the United States Fidelity & Guaranty Company, sued out a preliminary writ of prohibition in our court to restain the circuit court from further proceeding under said judgment and execution. The petition for the writ sets out the facts above and on its filing, a preliminary writ of prohibition was issued, to which the respondent Judge, as well as the Missouri Poultry & Game Company duly made return, insisting upon the validity of the action of the trial court in issuing the execution above stated.

The cause has been briefed and argued before us on the pleadings, which raised issues of law. All of the facts necessary to be had in mind in connection with this somewhat complicated litigation will be found in State ex rel. Missouri Poultry & Game Co., v. Nolte et al., not officially reported but see 203 S. W. 956, as well as in the cases before referred to, and need not be here repeated.

It is very earnestly contended by learned counsel for respondents that a writ of prohibition is not the proper remedy here to be applied. We think that this proposition is covered adversely to the contention of respondents by the decision of our Supreme Court in The State ex rel. Rogers v. Rombauer, 105 Mo. 103, 12 S. W. 695.

In that case, commencing at page 107, it is said: "The range of efficiency of the writ of prohibition is, in some circumstances, quite broad. Where it may properly issue to stop unfinished proceedings whereof the court (in which the cause is pending) has no jurisdiction, it may sometimes be so framed as to annul prior,

as well as stay further action therein, when the justice of the particular case requires it.

"The writ was not regarded at common law as a matter of mere form, but was considered possessed of sufficient vitality and power to meet exigencies of the cases rejuiring its application. It was never supposed that a tribunal, without lawful power to act at all, might (upon objection made to its jurisdiction) remove the possibility of all scrutiny of its actions, by mere celerity in using the machinery, of the law.

"At the common law, so long, at least, as anything remained to be done to carry a judgment into effect, a writ of prohibition might go, and, when it went, it took on such a form as the difficulties it was designed to meet demanded."

On the authority of the above cited case, we think our writ was properly issued in the first instance.

As before noted; the judgment and opinion of the Supreme Court in this case will be found under the title State ex rel. Nolte et al. v. Reynolds et al., Judges, not yet officially reported, but see 223 S. W. 408. The result of that judgment was to render our judgment and the mandate issued therein nullities. The judgment of the circuit court and the execution issued thereon were bottomed on our mandate, which we withdrew. When the Supreme Court annulled our judgment, as it did by quashing it, not only the original mandate fell, but with the mandate gone, the judgment entered by the circuit court fell with it. When execution was issued on the strength of that judgment and under that mandate, the execution itself became a nullity, as having nothing on which to stand. The execution being outstanding and unenforced, as we have seen was held in the Rombauer Case, supra, kept the whole case within the reach of our court by writ of prohibition. The fact that the circuit court had adjourned for the term can make no difference. That court was endeavoring to carry out a judgment which had been absolutely nullified by the action of the Supreme Court. This we are clearly of the opinion, it

could not do. It follows that our preliminary writ heretofore issued should be and it is made absolute. *Allen* and *Becker, JJ.,* concur.