## GARY REALTY COMPANY v. E. F. SWINNEY, Appellant.

In Banc, February 17, 1925.*

1. **APPEAL BOND: Identification of Bond in Suit.** Where the record entry in the circuit court recites that "now defendants file appeal bond herein in the sum of twenty-five thousand dollars with F. C. Bonfils and E. F. Swinney as sureties thereon, which said bond is by the court approved," and the bond recites that F. C. Bonfils and E. F. Swinney are sureties thereon, but also shows that it was not in fact signed by Bonfils, but the indorsement of the clerk on the back thereof identifies it as a bond for appeal to the Supreme Court in the case in which by its recitals it was given, and the record does not show the filing of more than one appeal bond in said case, and E. F. Swinney admits that he signed the one in controversy and does not pretend that he ever signed another of similar import, there can be no question that said bond is the identical bond given by its principals and said E. F. Swinney as surety for the purpose of staying, pending an appeal to this court, the execution of the judgment rendered in said case against said principals.

2. ———: **Signed upon Condition.** Judgment having been rendered against several defendants, an appeal bond, naming one of them

---

*NOTE: Decided Decebmer 30, 1924; motion for rehearing filed; motion overruled February 17, 1925.

Gary Realty Co. v. Swinney.

and the appellant' as sureties, was made out and presented to the appellant by a representative of defendants, with the request that he sign it as surety. He did so, and testified that he signed it, not because of the assurance then given him that the other person named as co-surety therein would sign it, but because he believed such other person, who was also a defendant and for whose benefit he signed it, would guarantee him against loss, and that such other person, although he did not sign it, had subsequently fully satisfied him in that respect. *Held*, that, upon appeal from a judgment upon the appeal bond, it cannot be ruled that the trial court erred in refusing to find that when said surety, the appellant, signed the bond and handed it back to the representative of defendants who had presented it to him, he attached a condition that it was not to be delivered until such other person signed it.

3. ————: Omission of Statutory Condition: Favorable to Makers. When an appeal bond contains the substance of the statutory conditions required to make it effective as a stay of execution, and in its enumeration of such conditions falls short in such manner as to make it more favorable to the makers, they will not be heard to complain, if, after it has answered all their purposes, they are held liable for its penalties. Where judgment in an action of unlawful detainer was rendered against defendants for damages and monthly rents, and they gave their appeal bond which enumerated every statutory condition except the one that appellants "will not commit, or suffer to be committed, any waste or damage on the premises whereof restitution is adjudged," the makers, when sued on the bond for the unpaid damages and monthly rents, will not be heard to say that the omission of this one condition rendered the bond ineffective as a stay of execution, or was void; particularly so, where by a later separate written stipulation, when about to be required to give an additional bond, they acknowledged it was effective and valid.

4. UNLAWFUL DETAINER: Removal to Circuit Court: Before Service upon All Defendants. Upon the application of one or more of the defendants in an action of unlawful detainer instituted in the court of a justice of the peace, the cause may be moved by *certiorari* to the circuit court before service upon the others, or without the others joining therein. Where there are numerous defendants, it is not necessary that all of them join in the application, or that the defendant upon whom the main burden of adverse judgment will fall should be denied the writ until all the others have either been served with process or notified by publication.

306 Mo.—38

5. ———: ———: ———: **Statute: "The Defendant."** The statute (Secs. 3035, 3036, R. S. 1919) which relates to the removal by defendant of an action of unlawful detainer instituted in the court of a justice of the peace, in designating that party to the record, uses the words, "the defendant," and contains no express direction relating to the mode of procedure where there is more than one defendant; and it is, therefore, *held*, that the words "the defendant," as applicable to cases having more than one defendant, are used in their distributive sense, and mean any one of the defendants. Where a limited jurisdiction is conferred by statute the construction is strict as to the extent of jurisdiction, but liberal as to the mode of procedure; and since the statute contains no express direction as to the mode of procedure in its provisions relating to removal of a case to the circuit court, there is no call to give its provisions a narrow construction, especially where, if a narrow construction were indulged, the object of a removal might easily be frustrated by the caprice, antagonistic interest, or even fraud, of one of several defendants.

6. ———: ———: **Operates to Remove Entire Cause: Jurisdiction.** One of several defendants in an action of unlawful detainer, instituted in the court of a justice of the peace, has a right, by *certiorari*, at any time after the service of summons upon him, and without joining the others in his application or waiting until the service of process upon them, to have the case removed to the circuit court, and, the action being both joint and several, the removal of this suit against him operates to remove the entire cause, and leaves no vestige of it in the justice's court. Upon the service of the writ of *certiorari* upon the justice, before the day of trial, it becomes his duty to stay all further proceedings, and to certify to the circuit court a complete transcript of his docket and all proceedings had before him, together with the original papers filed in the cause; and if he does this, the circuit court has authority to proceed to hear, try and determine the cause anew, as if it had originated in such court.

7. ———: ———: ———: ———: **Unserved Defendants: Waiver.** A defendant who has not been served with process in the action of unlawful detainer instituted in the court of a justice of the peace, by joining in the application for the removal of the cause to the circuit court made by another defendant who had been served, waives service of summons upon himself, as do other defendants who enter their voluntary appearance in the circuit court and answer to the merits. [WOODSON, J., dissenting.]

8. ———: **Suit on Appeal Bond: Jurisdiction: Pending Suit on Main Case: Res Adjudicata: Estoppel: Stare Decisis.** A decision of the

Gary Realty Co. v. Swinney.

Supreme Court, by which it was ruled that the justice of the peace never acquired jurisdiction of an action of unlawful detainer, and that in consequence the circuit court to which the cause was removed acquired none, made after the rendition of a judgment on the appeal bond given by defendants in said other action, and even if rendered before, cannot be invoked by a surety as *res adjudicata* or estoppel to a judgment on the bond, because such surety was not a party to the proceedings which resulted in such judgment against the defendants in such other action, nor in privity with any one who was. Besides, that opinion (State ex rel. Kelly v. Trimble, 297 Mo. 104) was not concurred in by a majority of the court as then constituted, and its holding that in an action of unlawful detainer service of process upon the defendant, or notice to him by publication, in the manner prescribed by the statute, is a requisite of jurisdiction as to subject-matter, and cannot therefore be waived by the voluntary appearance of the defendant, is so anomalous that it cannot be treated as a precedent.

*Held,* by WOODSON, J., dissenting, with whom GRAVES, C. J., concurs, that a majority of the court agreed in the result of the opinion in State ex rel. Kelly v. Trimble, 297 Mo. 104, and the result of that decision was that the court of the justice of the peace never acquired jurisdiction of either the subject-matter or the parties, and that consequently the circuit court acquired none when the cause was removed to it, and that decision nullified the judgment of the circuit court awarding ouster, damages and monthly rents against the defendants, and the appeal bond given, sued on in this case, was given to secure the payment of the damages and rents adjudged against defendants by that judgment, and was a mere incident of that judgment and depended for its validity upon the affirmance of that judgment, and said judgment being reversed, the decision became *stare decisis* and the appeal bond died with it; and whether the judgment on the appeal bond was rendered before or after such decision makes no difference, for the decision ruling that the judgment of the circuit court was void wiped out the cause of action on the bond, and requires the court to take judicial notice that said judgment and all incidents growing out of it had been destroyed by said reversal.

Citations to Headnotes: 1 and 2, Appeal and Error, 4 C. J. par. 3432; 3. Appeal and Error, 4 C. J. pars. 3320, 3423, and Bonds, 9 C. J. par. 38; 4, 6 and 7, Forcible Entry and Detainer, 26 C. J. par. 166 (1926 Anno); 5, Courts, 15 C. J. par. 413, and Forcible Entry and Detainer, 26 C. J. par. 166; 8, Judgments, 34 C. J. par. 1391.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Frank M. Lowe* for appellant.

(1)   The court erred in refusing to sustain defendant's demurrer as the judgment rendered in the unlawful detainer proceeding was void and therefore the bond sued on was not breached. State ex rel. v. Trimble, 297 Mo. 104.   (2)   It was error for the court to refuse to sustain defendant's objection to the introduction of the bond offered, for the reason that it was not the bond approved by the court. The records of the circuit court approving the bond set out that the bond was given by F. G. Bonfils and E. F. Swinney as sureties, whereas the bond which the court permitted to be introduced as evidence, was signed by E. F. Swinney alone.   (3)   It was error for the court to permit witnesses in a collateral proceeding to attempt to impeach the record of the court in the matter of the approval of the bond. Mobley v. Nave, 67 Mo. 549; Stevenson v. Black, 68 S. W. 912; Gay v. Murphy, 134 Mo. 98; Jones v. Hart, 60 Mo. 356; Gibson v. Choteau, 45 Mo. 171; Priest v. McMaster, 52 Mo. 60.   (4)   To hold that the verdict and judgment of the court is binding upon the defendant herein is to deny the defendant the protection guaranteed to him under the Constitution of the United States, Article V of the amendments, which provides that no person shall be deprived of property without due process of law, and violates the provision of the Constitution of Missouri, Article II, Section 30, which provides that no person shall be deprived of property without due process of law.   This is true for three reasons:   (a)   The circuit court never had any jurisdiction of the alleged unlawful detainer suit of Gary Realty Company v. Kelly et

al., for the reason that the case was never transferred from the justice of the peace to the circuit court so as to give the circuit court jurisdiction to hear and determine said cause, and as a result its pretended judgment was void and of no effect. (b) The bond introduced in evidence contained no provision by which the defendant herein promised to pay rent. The bond failing to comply with the provisions of the unlawful detainer statute, was not such a bond as acted as a *supersedeas* in staying the execution or writ of restitution. (c) As the bond was not a statutory *supersedeas* bond in unlawful detainer, it did not prevent plaintiff from obtaining possession of the property in question at any time after the date of the pretended judgment. If plaintiff had had a judgment upon which a valid writ of restitution could have been issued, then the bond in the case here would not and could not have stayed said writ. Therefore, the bond was given without any consideration so far as the defendant is concerned, and to take defendant's property under such proceedings is not due process of law.

*Cooper, Neel & Wright* for respondent.

(1) Defendant, by the correct recitals of the unlawful detainer judgment in the instant bond, is estopped to deny the existence, validity or amount of such judgment, except only perhaps on the single ground of want of jurisdiction. Otherwise the validity of the appeal bond does not depend on the validity of the judgment appealed from. Schumucker v. Steidmann, 8 Mo. App. 302, 305; Morrison v. Bollinger and Chandler, 194 Mo. App. 312; 4 C. J. 1270; Van Stewart v. Miles, 106 Mo. App. 242; Johnson v. Realty Co., 167 Mo. 341. The validity of the judgment of affirmance by this court cannot be inquired into even on jurisdictional grounds. And, as to the unlawful detainer judgment below, there is the presumption of jurisdiction, including legal and

proper process, unless the express contrary is shown by the record. Talbot v. Roe, 171 Mo. 434; Hamer v. Cook, 118 Mo. 488. (2) Unlawful detainer judgment was supported by ample jurisdiction. (a) There was adequate personal service. Appellant claims lack of jurisdiction of the circuit court to render and the Supreme Court to affirm, the unlawful detainer judgment, relying wholly on the decision of Court in Banc, in State ex rel. Kelley v. Trimble, 297 Mo. 104, where the motion to quash the possessory part of the execution was involved. That decision holds necessary service upon an unlawful detainer defendant in the manner prescribed by Sec. 3000, R. S. 1919—either personal or by publication in order to confer jurisdiction, and that his voluntary appearance does not suffice. But such decision has no application to our case, for all defendants were duly served. The record affirmatively shows this. Such service of itself answered the requirements of the foregoing decision, for it conferred jurisdiction at least over A. LeMarquand and the judgment was valid as to him even if void as to Kelley and LeDoux. It is no defense to a surety on an appeal bond that the judgment is void or reversible as to some of the defendants, so long as it is enforcible as to one. Hood v. Mathis, 21 Mo. 308; Gille v. Emmon, 61 Kan. 217; 51 L. R. A. (N. S.) 656, note; 4 C. J. 1274. (b) Moreover, under the authorities hereinbefore cited, defendant is estopped by the recital of the judgment in his bond, from disputing its validity as to any defendant of whom the court had jurisdiction and who was a principal therein. But A. LeMarquand himself could have made no defense in the unlawful detainer action for that other defendants were not served, but plaintiff was entitled to proceed to judgment against him alone. Such is the law in unlawful detainer actions. Dutton v. Tracy, 4 Conn. 93; Harmon v. Odell, 6 Gratt. (Va.) 207, 19 Ency. Pl. & Pr. 636; 26 C. J. 845. This principle is well settled in Missouri, being applicable alike to actions in rem and personam, and to pos-

sessory and money judgments. Skillman v. Clardy, 256 Mo. 321; State ex rel. Ozark Co. v. Tate, 109 Mo. 268; Stevenson v. Black, 168 Mo. 559; Boyd v. Ellis, 157 Mo. 399; Keaton v. Jorndt, 220 Mo. 133; Williams v. Hudson, 93 Mo. 528. (c) A. LeMarquand was properly sued, being in actual possession. Plaintiff could have sued him alone. Unlawful detainer is maintainable against any person in possession, a mere agent or tenant being liable. DeGraw v. Prior, 53 Mo. 313, 68 Mo. 158. It is immaterial that A. LeMarquand and LeDoux were claiming as co-tenants, for they were each subject separately and severally to be sued, the possession of a tenant in common being the possession of the whole. McHose v. Fire Ins. Co., 4 Mo. App. 514; Lewis v. Oesterreicher, 47 Mo. App. 82; Bernecker v. Miller, 40 Mo. 473. And anyone who participates in an unlawful detainer is liable and subject to suit. Kingman v. Abington, 56 Mo. 46; Blumenthal v. Waugh, 33 Mo. 181; Tuttle v. Davis, 48 Mo. App. 9. (d) All unlawful detainer defendants were actually served. Due service by publication was made upon all defendants not personally served. Sec. 3000, R. S. 1919. (e) Had there been no service, or any defective service, it was cured by appearance of all defendants. Until the decision aforesaid in the collateral *certiorari* proceeding, it had invariably been held in this State that entry of appearance confers jurisdiction over the parties in an unlawful detainer action. Hulett v. Nugent, 71 Mo. 135; Ser v. Bobst, 8 Mo. 506; Shannon v. Zimmerman, 162 Mo. App. 686. Decisions affirming such cases and this principle are: Cudahy Packing Co. v. Ry. Co., 287 Mo. 452; Griffin v. VanMeter, 53 Mo. 430; Boulware v. Ry. Co., 79 Mo. 494; Gant v. Ry. Co., 79 Mo. 502; Reddick v. Newburn, 76 Mo. 423. Such is the law in the other states: Cronise v. Carghill, 4 Cal. 120; Falkner v. Beers, 2 Douglas (Mich.) 117; Moore v. Douglas, 14 W. Va. 708; Branchle v. Northelfer, 107 Wis. 457. (f) Sec. 3004, R. S. 1919, evidently overlooked by the court, expressly provides

for voluntary appearance. To get the full force of this section, the preceding Section 3003, should be considered. (g) Section 3000 was obviously intended to apply only to jurisdiction over the person. Jurisdiction over the subject-matter of the action has already been acquired before the service statute comes into operation. The law vests the control of unlawful detainer actions in the justice, and filing of the complaint gives him cognizance of a particular case. Service merely puts that jurisdiction into exercise. Fields v. Maloney, 78 Mo. 183. (h) Besides Section 3004, this majority opinion overlooks another even more important unlawful detainer statute, Section 3064. Cudahy Pack. Co. v. Ry. Co., 287 Mo. 452; Hulett v. Nugent, 71 Mo. 135. (3) The pendency of the application for *certiorari* was immaterial. The contention is that defendant should not have been required to defend this action because application had then been made to this court by Tammen and Bonfils, as relators, for a writ of *certiorari* to review the decision of the Kansas City Court of Appeals affirming the order overruling their motion to quash the possessory part of the execution. Such application could accomplish no stay. The mere filing of an application for the writ does not operate as a *supersedeas*. 11 C. J., 170, 171. (4) The identity of the bond is unshaken. Defendant's counsel did not claim there was any other bond, frankly admitting he knew of none. The date of the clerk's file marks on the bond in evidence was the same as that of the order. The bond was endorsed with the number and captioned with the name of the case, was given for the purpose of the appeal, as expressly admitted by defendant's answer herein, and was in fact the bond on which the *supersedeas* was allowed in the case appealed. It was in the custody of the clerk continuously thereafter and was the only bond filed or heard of on such appeal. It was accepted and relied on by plaintiff as *supersedeas* throughout the history of the case. Signing and filing was expressly

admitted by defendant and no question made of identity by pleading or testimony. The court's findings are conclusive of the facts, just as the verdict of a jury, the latter being waived. Nickey v. Leader, 235 Mo. 30. No declarations of law or findings of fact having been asked or given on this matter, it is sufficient that there was admissible evidence tending to support the judgment on any theory presented by the record. Wischmeyer v. Richardson, 153 Mo. 556; Enterprise Furniture Co. v. Stigall, 206 S. W. 390. However, had there been any question of identity of the bond, defendant was estopped by the recitals therein that it guaranteed this judgment. Summit v. Colette, 81 N. J. L. 155. Moreover, the entry had no legal importance except to approve Swinney as surety. Sec. 3046, R. S. 1919. (5) The bond is adequate in form and supported by ample consideration. Appellant claims that the bond does not conform to the unlawful detainer statute, did not work a *supersedeas* and hence was without consideration. All three contentions are untenable. (a) It is good as a statutory bond. It is of the usual form for appeals and follows the language of Section 1473, R. S. 1919. Section 3049 of the Unlawful Detainer Act provides a form of bond which may (not must) be furnished by an appealing defendant. Section 3066 only requires, for purposes of *supersedeas,* that the bond "contain the substance of the condition" set forth in the Section 3049 form. Grant v. Brotherton's Admr., 7 Mo. 459. (b) The bond meets all requirements of Section 3066 since it contains "the substance" of the conditions of the statutory form. It need not be in literal compliance. Hastings v. Hennessey, 58 Mo. App. 209. The bond is sufficient if it has the same legal effect. And such is the general rule with reference to other statutory bonds—that the statute is complied with if a breach of the conditions as written in the bond would in fact be a breach of the conditions expressed in the statutory form. Newton v. Cox, 76 Mo. 352; Hoshaw v. Gullett, 53 Mo. 208; Flint v. Young, 70

Mo. 222; Gay v. Parpart, 101 U. S. 391; Cobb v. Commonwealth, 3 T. B. Monroe (N. Y.) 391. (c) And where the recitals in an appeal bond state the amount of the judgment appealed from and the binding part distinctly refers to such judgment, the legal effect is the same as though the amount of the judgment had been inserted in the binding part of the bond. State ex rel. Lafayette Co. v. O'Gorman, 75 Mo. 379; State ex rel. Miss. Co. v. Moore, 74 Mo. 413; Dinnseith v. Luike, 10 Daly (N. Y.) 365; Mathews v. Morrison, 13 R. I. 309; Griffith v. Sciples, 10 N. J. L. 228. (d) A minor difference was the omission of the statutory condition against "waste or damage on the premises." This omission is immaterial because the judgment granted no recovery for waste, nor was any asked. Not being prejudiced, defendant cannot complain of this omission. State to use v. Berry, 12 Mo. 377. (e) As to the difference between the clauses "shall prosecute his appeal with effect and without delay" and "shall prosecute his appeal with due diligence to a decision in the Supreme Court," it has been expressly held that the two expressions mean one and the same thing. Carmichael v. Holloway, 9 Ind. 519; Anderson v. Meeker Co. Commrs., 46 Minn. 237. (f) It was also valid as a common-law bond. State to use v. Cochrane, 264 Mo. 593; State ex rel. Dunklin Co. v. Blakemore, 275 Mo. 695; Trust Co. v. Tindle, 272 Mo. 681; Lumber Co. v. Schwartz, 163 Mo. App. 659. (g) Retaining possession of property is a sufficient consideration to support a bond as a common law obligation. Perkins v. Watson, 92 Miss. 452; Escritt v. Michaelson, 73 Neb. 634; Braithewaite v. Jordan, 5 N. D. 196, 31 L. R. A. 238. (6) The bond was unconditionally delivered. Involving a question of fact resolved against defendant, the trial court's decision is conclusive, since there was ample evidence to support it. The burden of proof was on defendant. Gay v. Murphy, 134 Mo. 106; State ex rel. Moore v. Sandusky, 46 Mo. 377; State to use v. Laundry Co., 196 Mo. App. 634. It was essential,

in order for the surety to make such a defense, that he should have signed under the expressly stipulated condition that the bond should not be delivered nor filed until signed by the other surety. Muehlbach v. Railroad, 166 Mo. App. 314; Wolff v. Schaeffer, 4 Mo. App. 367; 21 R. C. L. 970; 32 Cyc. 47; State ex rel. Barnes v. Lewis, 73 N. C. 138, 21 Am. Dec. 461; New Jersey v. Thatcher, 41 N. J. L. 403; Schools v. Shirk, 119 Ill. 589; Readfield v. Shaver, 50 Me. 36, 79 Am. Dec. 592; State v. Gregory, 119 Ind. 503; Whitaker v. Richards, 134 Pa. 191; Risse v. Hopkins Planing Mill Co., 55 Kan. 518; Lewiston v. Gagne, 89 Me. 395; 21 R. C. L. 970.

RAGLAND, J.—This is a suit on an appeal bond. On November 1, 1915, the plaintiff instituted an action against E. P. Kelly, Paul LeMarquand, A. LeMarquand, W. LeDoux, F. G. Bonfils, Harry Tammen and Empress Theatre Company, a corporation, under our forcible entry and unlawful detainer statutes, for the possession of certain premises situated in Kansas City. The action was brought before one of the justices of the peace of Jackson County, but before the day of the trial the proceedings were removed to the circuit court by *certiorari.* Upon a trial of the cause in the circuit court plaintiff obtained judgment, the record entry of which is as follows:

"Now on this 18th day of March, 1916, come all the parties hereto, complainant (or plaintiff) appearing by its attorneys, Hadley, Cooper, Neel & Wright, and defendants appearing by their attorney, Frank M. Lowe, and plaintiff dismisses this action as to defendants F. G. Bonfils, Harry H. Tammen and Empress Theatre Company, a corporation, and the court having duly heard, seen and considered the evidence (said cause having been tried before and submitted to the court sitting without a jury, at the January, 1916, term of this court on Wednesday the 8th day of March, 1916, the right of trial by jury being waived by all parties hereto, and complain-

ant appearing in person and defendants by their said attorney and when, at the conclusion of the evidence and arguments of counsel, the court took this cause under advisement) renders its decision herein and finds all the issues in favor of complainant and against defendants. And the court further finds that the defendants are guilty in manner and form as charged in the . . . complaint; that complainant is entitled to have restitution of the premises described in said complaint, to-wit: [Here follows a description of the premises]; that the complainant has sustained damages, by reason of the premises, to the amount of $2000, and that the value of the monthly rents and profits of the said tenements is six hundred and fifty dollars.

"Wherefore, it is hereby ordered, considered and adjudged that the complainant, Gary Realty Company, have restitution of the said premises found by the court to have been unlawfully detained and recover of the defendants the sum of four thousand dollars, being double the sum assessed and found by the court for complainant's damages; and that complainant also have and recover from defendants at the rate of thirteen hundred dollars, double the said sum found by the court, per month, for rents and profits, from this 18th day of March, 1916, until restitution of the said premises to plaintiff be made, together with the costs of this suit.

"Wherefore, let execution issue."

In due course the defendants, Kelly, A. LeMarquand and LeDoux applied for, and were allowed, an appeal to this court. In connection therewith they tendered an appeal bond, which was approved and filed in the cause, and which operated as a stay of execution pending the appeal. And that bond is the identical bond here in suit, according to plaintiff's contention. The bond declared on is as follows (except its condition which will be set out hereafter):

"In the Circuit Court of Jackson County, Missouri, at Kansas City, March Term, 1916. Gary Realty Com-

pany, a corporation, Plaintiff, vs. E. P. Kelley, A. Le-Marquand and W. LeDoux, Defendants, No. 95041.

"Appeal Bond to the Supreme Court of Missouri.

"Know all men by these presents, that we, E. P. Kelley, A. LeMarquand and W. LeDoux, as principals, and F. G. Bonfils and E. F. Swinney, as sureties, are held and firmly bound unto the Gary Realty Company, a corporation, in the sum of twenty-five thousand dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents, signed by us and dated this 27th day of March, 1916. . . .

"E. P. KELLEY

"A. LEMARQUAND

"W. LEDOUX

"E. F. SWINNEY"

It was endorsed on back as follows: "No. 95041. Bond for appeal to the Supreme Court $25,000. Filed Mar. 28, 1916. James B. Shoemaker, Clerk, by J. F. Flynn, D. C."

Such proceedings were had in this court on the appeal that the judgment of the circuit court was affirmed. [Realty Company v. Kelly, 278 Mo. 450.] Thereafter, defendants having failed to pay the sum adjudged against them as and for damages and rents and profits and for costs, aggregating $32,379.91, plaintiff instituted this suit on the bond above set forth for the penalty therein.

As it is insisted that the judgment, the execution of which was stayed by the appeal bond, was a nullity on the ground that both the justice of the peace court in which the proceeding was originated and the circuit court in which the judgment was rendered were without jurisdiction, a detailed statement of the proceedings had before the justice, and in connection with the removal to the circuit court by *certiorari*, is advisable.

On November 1, 1915, plaintiff commenced the suit against all the defendants first named by filing in the justice court a complaint which is not criticised either as to form or substance. The justice issued a summons requiring the constable to summon all of the defendants to appear November 9, 1915, the summons being issued on the day suit was brought, to-wit, November 1, 1915. On the next day, November 2, 1915, the constable returned the summons as personally served on the defendants, Harry H. Tammen, Paul LeMarquand and A. LeMarquand, but that he had made diligent search for and failed to find defendants, E. P. Kelly, W. LeDoux, F. G. Bonfils and Empress Theatre Company; and at ten A. M. of November 4, 1915, plaintiff made application for an order of publication against them, and an order of publication was issued, and published for six days in a designated paper, commanding them to appear on November 11, 1915.

On November 3, 1915, A. LeMarquand and LeDoux made application to remove the cause, by *certiorari,* from the justice court to the circuit court, the application stating that the two defendants were "in the actual possession of the property." The affidavit accompanying the application was made by A. LeMarquand, and stated, among other things, that he and LeDoux were in possession of the property. The bond filed with the application was made by said LeMarquand and LeDoux as principals, and was conditioned that they would pay all rents, profits, damages and costs adjudged against them and otherwise abide the judgment. This bond was signed by H. H. Tammen, presumably as surety.

The writ of *certiorari* was signed on the 3rd day of November, 1915, directed to the justice to stop all further proceedings and certify the case "within ten days after the service of this writ." It was served on the justice on November 4, 1915, but not until after the justice had issued the order of publication herein above referred to, and on the return day of the summons, to-

wit, November 9, 1915, the justice continued the case until November 11, 1915, "for completion of service by publication aforesaid."

On November 11, 1915, after filing proof of publication of the order of publication, the justice found that "service has been made as required by law upon all defendants and that the court has jurisdiction of the said cause and of all parties thereto, including the defendants, E. P. Kelly, Paul LeMarquand, A. LeMarquand, W. LeDoux, F. G. Bonfils, Harry H. Tammen and Empress Theatre Company, a corporation;" and then the transcript was accordingly certified to the circuit court. In that court, LeDoux, Kelly, A. LeMarquand, F. G. Bonfils and H. H. Tammen appeared, filed answer, and stipulated with plaintiff to waive a jury.

The petition in this case is conventional. The following abridgment of the answer will disclose the defenses pleaded:

(1) Defendant, answering plaintiff's petition, admits that he signed the pretended bond sued on, but denies each and every other allegation in plaintiff's petition contained; (2) that plaintiff never obtained any judgment in the Circuit Court of Jackson County, Missouri, on the 18th day of March, 1916, against E. P. Kelly, A. LeMarquand, W. LeDoux and Paul LeMarquand, in an action of unlawful detainer, being cause No. 95041, in said circuit court, and therefore plaintiff has no cause of action against this defendant upon any account thereof; (3) that when defendant signed the pretended bond, he signed it with the expressed understanding that said paper would not be delivered to the court and filed in said cause until and after it had been signed and executed by F. G. Bonfils, the other surety named in said paper, and that said paper was left with the principal, E. P. Kelly, who was to have said paper signed by the said F. G. Bonfils and in case the said F. G. Bonfils did not sign said pretended bond, then it was not to be filed at all; that said pretended bond on its face gives notice that it is

not complete, was never executed, and was not ready to be filed as a bond; (4) that the pretended bond sued on herein was given for the purpose of removing from the circuit court to the Supreme Court, an unlawful detainer action, which under the law could only be done by the appellant filing a bond conforming to the provisions of the unlawful detainer code, which provisions are found in Sections 3049 and 3066, Revised Statutes 1919, which are the same provisions governing appeals in unlawful detainer actions as set out in Revised Statutes of 1909. Under the law no appeal operated as a stay of execution and no *supersedeas* could be granted the party in possession unless the provisions of the above mandatory code were complied with. The pretended bond here in no way meets the requirements of said law and therefore there was no consideration for the signing of the same as under the law the appellant could have been dispossessed at any time after judgment, if said judgment had been a valid or binding judgment; and (5) that the case of Gary Realty Company v. E. P. Kelly et al. was never removed from the justice of the peace to the Circuit Court of Jackson County, Missouri, and therefore said pretended judgment of the circuit court in said case is void: (a) the circuit clerk undertook to remove said cause to that court by issuing its writ of *certiorari* before five of the defendants had ever been served with either summons or publication, and that such writ was wholly void and under the law which provides that unless the cause is *so* removed, the justice shall proceed to hear the case regardless of the issuance of said writ; (b) under the law the defendants seeking to remove by *certiorari* any cause from the justice to the circuit court, must file application, affidavit and bond, and defendant alleges the facts to be that this was not done.

The cause was tried to the court, a jury being waived. No declarations of law were asked or given. The court found the issues for plaintiff and assessed its damages

at the sum of $32,829.91. Judgment was rendered for $25,000, the full penalty of the bond. From such judgment defendant appeals. Certain pertinent matters of evidence not covered by the foregoing statement will be noted in the course of the opinion.

Appellant's contentions as disclosed by his assignments of error, argument and brief may be reduced to these: (1) The bond in suit is not the appeal bond that was filed by appellants in Gary Realty Co. v. Kelly et al., or, if so, it was never delivered, so far as appellant here is concerned; (2) the bond declared on, even if executed as alleged, does not conform to mandatory requirements of the Forcible Entry and Unlawful Detainer Statute, consequently it is void; and (3) the judgment with respect to which it is alleged that the bond operated as a *supersedeas* was void because rendered by a court without jurisdiction. Of these in order.

I. 1. Appellant's insistence that the instrument sued on is not the appeal bond that was given and approved in Gary Realty Co. v. Kelly et al., is based on the following record entry in that case, under date, March 28, 1916: "Now defendants file appeal bond herein in the sum of twenty-five thousand dollars with F. G. Bonfils and E. F. Swinney as sureties thereon, which said bond is by the court approved." The bond in suit recited that Bonfils and Swinney are sureties, but it also shows that it is not in fact signed by Bonfils. However, the endorsement of the clerk on the back thereof identifies it as a bond for appeal to the Supreme Court in the case of Gary Realty Co. v. Kelly et al. (No. 95041), filed March 28, 1916. And the record does not show the filing of more than one appeal bond in that case. Appellant admitted that he signed the one in controversy and does not pretend that he ever signed any other of similar import. There can be no question but that it is the identical bond given by appellants in the case just referred to for the purpose

306 Mo.—39

of staying execution of the judgment therein pending an appeal to this court.

2.   Evidence on the part of defendant tended to show that the bond was taken to appellant's bank for his signature, by one Lavand, acting for Kelly, one

Signed Upon Condition.
of the principals.   Lavand testified that he told appellant that Bonfils would sign the bond, and that appellant after signing it, said, "I will sign anything that Mr. Bonfils will sign, but be sure and don't turn that bond in . . . unless Mr. Bonfils signs it."   When on the witness stand appellant was unable to recall having made any such statement to Lavand; he did say that when he signed the bond he understood that his signature was requested for the accommodation of Bonfils, who would also sign it.   He further stated, in effect, that he signed the bond, not because of the assurance that Bonfils would also sign it, but because he believed that Bonfils, for whose benefit he signed, would guarantee him against loss, and that Bonfils subsequently fully satisfied him in that respect.   The trial court evidently found that when appellant signed the bond and handed it back to Lavand he did not attach any conditions relative to its delivery.   In view of Mr. Swinney's own testimony the court could not have reasonably found otherwise.

II.   We next consider appellant's contention with reference to the sufficiency of the instrument in suit as a statutory bond.   Section 3066, Revised Statutes 1919, provides:   "No appeal to the   appellate or supreme

Sufficient Bond.
courts shall operate as a stay of execution, nor shall any *supersedeas* be awarded to the party in possession, unless the condition of the recognizance contain the substance of the condition prescribed by this article in cases of appeals by a defendant, and the penalty and security be sufficient to secure the performance thereof."   The condition prescribed in cases of appeals by a defendant is found in Section 3046; it

is as follows: "that the appellant shall prosecute his appeal with effect and without delay; that he will not commit, or suffer to be committed, any waste or damage. on the premises whereof restitution is adjudged, and that he will pay all damages, rents and profits and costs that may be adjudged against him, and otherwise abide the final judgment in the cause." From these provisions it appears that, aside from "the penalty and security," the only statutory requisite of an appeal bond to make it effective as a stay of execution is that its condition contain the *substance* of the condition just quoted. The condition of the bond in question is as follows:

"The condition of the above obligation is such that, whereas, E. P. Kelley, A. LeMarquand and W. LeDoux have appealed from the judgment rendered against them and in favor of Gary Realty Company, a corporation, in the Circuit Court of Jackson County, State of Missouri, for the sum of four thousand ($4000) dollars, damages and rent at the rate of one thousand three hundred ($1300) dollars per month, from March 18, 1916, together with costs. Now, if the said E. P. Kelley, A. LeMarquand and W. LeDoux, appellants, shall prosecute their appeal with due diligence to a decision in the Supreme Court of the State of Missouri, and shall perform such judgment as shall be given by the said Supreme Court; or, such as the said Supreme Court may direct the said Circuit Court to give, and if the judgment of the said Circuit Court or any part thereof be affirmed, and said appellants shall comply with and perform the same so far as it may be affirmed, and pay all damages and costs which may be awarded and adjudged against the said E. P. Kelley, A. LeMarquand and W. LeDoux, by the said Supreme Court, then this obligation to be void."

We do not consider an analysis of this language necessary in order to point out its content; it is clear that it embraces all the conditions prescribed by Section 3046,

except the one relating to waste. The condition, "that he (appellant) will not commit, or suffer to be committed, any waste or damage on the premises whereof restitution is adjudged," is wholly omitted. Is the bond for that reason void? The commission of waste is not assigned as a breach. There is no 'question of waste in the case. Appellant's point, however, is this: Under the express provision of the statute an appeal does not operate as a stay of execution unless a recognizance be given containing certain enumerated conditions; as the bond in this case does not contain *all* of those conditions it did not stay execution; it served no purpose therefore, was without consideration, and consequently void. It may be that had the bond been put to the test by the issuance of an execution pending the appeal the construction now contended for by appellant would have obtained. But the evidence shows beyond question that the bond did in fact serve the statutory purpose. It was treated by all parties as effecting a *supersedeas;* execution was not ordered until after the affirmance of the judgment on the appeal.

The appeal, in connection with which the bond was given, was allowed March 27, 1916; the cause was not docketed for hearing in this court until the April term, 1919, and in the meantime rents, under the judgment, were piling up at the rate of $1300 a month. Pending the appeal respondents in that cause filed a motion in the appellate court asking that the appellants be required to give an additional *supersedeas* bond. The motion was sustained. But appellants were relieved from a compliance with the order made in that connection by stipulation of the parties, filed in the cause, which provided that in lieu of the filing at that time of an additional *supersedeas* bond appellants should pay respondents $1200 then and $500 per month thereafter until final judgment in the court of last resort. The stipulation contained this further provision:

"If and when the amount of damages accruing under the judgment rendered by the lower court herein, including interest and plaintiff's costs, shall nearly approach the sum total of the present *supersedeas* bond of $25,000, and the aggregate amount of the payments aforesaid, the right is hereby reserved to plaintiff to take any available steps to require defendants to furnish additional security for the payment of said judgment."

The foregoing with reference to the steps taken by the respondents in the appeal, during the pendency thereof, to secure the performance of their judgment in the event it was affirmed, does not, as contended by the appellant in this case, negative the view that all parties to the appeal regarded the appeal bond as effective in the staying of execution, but on the contrary confirms it.

In an early day this court held, on a state of facts similar to those presented by this record, that when a bond merely falls short of the statutory enumeration (of conditions) in such a manner as to be more favorable to the party executing it, he will not be heard to complain, if, after it has answered all his purposes, he is held liable to its penalties. [State v. Berry, 12 Mo. 377.] That ruling has been consistently adhered to (Newton v. Cox, 76 Mo. 352; Flint v. Young, 70 Mo. 222), and is in accord with the weight of authority elsewhere. [9 C. J. 24.] Appellant's contention under this head is disallowed.

III. It is contended by appellant that the purported judgment, to stay the execution of which the bond in controversy was ostensibly given, is void because the entire proceeding in the circuit court which culminated in the so called judgment was *coram non judice*. This, on the ground that mandatory procedural requirements prescribed by the statute for the removal of causes in unlawful detainer by *certiorari* from the justice court to the circuit court, were not complied with. A consideration of the ques-

Coram
Non Judice.

tion presented involves a construction of the relevant provisions of the statute. As none of the sections have been amended since 1909, they will be referred to according to their numbering in the Revised Statutes of 1919.

The record under review shows that the complaint in unlawful detainer, making Kelly, Paul LeMarquand, A. LeMarquand, LeDoux, Bonfils, Tammen and Empress Theatre Company defendants, was filed in the justice court on November 1st (1915); that on the same day summons issued as to all the defendants returnable November 9th; that on November 2nd Tammen and the two LeMarquands were personally served; that on November 3rd, A. LeMarquand, who had been served, and LeDoux, who had not been served, made application to remove the cause by *certiorari* to the circuit court, accompanied by the requisite affidavit and bond; and that a writ of *certiorari* was issued and served on the justice November 4th, requiring him within ten days thereafter to certify a transcript of his docket and all proceedings had before him to the circuit court, which he did. According to the appellant's construction of Sections 3031, 3032, 3035 and 3036, the cause was not removable to the circuit court by *certiorari* until all the defendants had been served with summons or notified by publication, and not then, unless all defendants joined in the application for such removal. If his construction is the proper one, then the cause is still pending in the justice court, as he contends.

The provisions of the statute which relate to removal by the defendant (Sections 3035 and 3036), in designating that party to the record, use the singular number, "the defendant." They contain no express direction as to the mode of proceeding where there is more than one defendant. If "the defendant," as applicable to such cases, is used in a collective or party sense, requiring all defendants to concur in a removal, then in many cases the defendant upon whom would fall the main burden of an adverse judgment will be denied the right

of removal. One defendant might consider that his relation to the litigation was such as not to justify the incurring of the obligation of a removal bond, or he might be induced to withhold his concurrence in a removal through arrangement, or even collusion, with the complainant. The object of these removal provisions is "to enable the parties to remove their case to a tribunal where more learning in law matters could be brought into requisition than is usually found before justices of the peace." [Kincaid v. Mitchell, 6 Mo. 224.] This object would be frustrated if one defendant's right to avail himself of the statutory privilege can be defeated by the caprice, antagonistic interest, or fraud, of another who happens to occupy the same relation to the record that he does. On the other hand if one defendant removes the cause to the circuit court by assuming the entire burden attendant upon such removal, his co-defendants can in no way be prejudiced thereby. There is no call to give these removal provisions of the statute a narrow construction. Where a limited jurisdiction is conferred by statute the construction is strict as to the *extent* of jurisdiction; but liberal as to the *mode* of proceeding. [2 Lewis-Southerland on Statutory Construction (2 Ed.) 686.] The statute in hand carries on its face such implications with respect to its own construction. [Sections 3058, 3064, 3065.] That interpretation should be adopted therefore which will give effect to the evident purpose and intendment of the statute in respect to the removal of causes by *certiorari*. Accordingly we hold that the words, "the defendant," in Section 3035, as applicable to cases having more than one defendant, are used in their distributive sense, meaning any one of the defendants.

It is next asserted that by virtue of the provisions of Section 3031 the cause was not removable by *certiorari* until *all* the defendants were served with summons or notified by publication. Under the complaint filed in the justice court the defendants stood charged with the com-

mission of a tort, for which, if guilty, they were jointly and severally liable. On November 3rd, A. LeMarquand and two others were personally served with summons returnable November 9th. In order to secure a removal of the cause to the circuit court it was necessary for him to take the requisite steps therefor "before the day of trial." [Section 3031.] He could not, without jeopardizing his right of removal, have waited until the return day of the writ to determine whether all of his co-defendants had been served, because on that day, presumptively the day of the trial the complainant might have dismissed as to all defendants not served and proceeded with the trial as to those who have been served. This it had the right to do. [Dutton v. Tracy, 4 Con. 79; Harman v. Odell, 6 Gratt. (Va.) 207; 26 C. J. 845.] As already stated the action as to the defendant was joint and several. November 3rd, the day when defendant A. LeMarquand sued out the writ of *certiorari,* was "any time after the service of the summons," so far as he was concerned. So far as LeMarquand was concerned jurisdiction had fully attached, and nothing further was required to make the action against him removable to the circuit court.

The removal by defendant A. LeMarquand of the suit against him operated as a removal of the entire cause. At least no vestige of it was left in the justice court. Upon the service of the writ of *certiorari* on the justice, before the day of trial, it became his duty to stay all further proceedings, and certify to the circuit court a complete transcript of his docket and all proceedings had before him, together with the original papers filed in the cause. [Section 3038.] This he did. Thereupon the circuit court became authorized to "proceed to hear, try and determine the same [the cause] anew, as if it had originated in such court." Defendant LeDoux by joining with A. LeMarquand in the application for the writ of *certiorari* waived service of summons, as did also the defendants Kelly and Bonfils by their voluntary ap-

pearance in the circuit court and answering to the merits. [Ser v. Bobst, 8 Mo. 506.]

Appellant strenuously insists that the question of jurisdiction he has raised is ruled by the judgment of this court in State ex rel. Kelly v. Trimble, 297 Mo. 104, 247 S. W. 187, dealing with a branch of the general litigation out of which the present proceeding grows. That judgment was rendered after the judgment and appeal in this case. But if it had been rendered before, it could not have been invoked as a bar to this action on the ground of *res adjudicata* or estoppel, because the appellant here was not a party to the proceeding in which it was rendered, nor in privity with any one who was. The opinion announcing that judgment was not, it seems concurred in by a majority of the members of the court as then constituted. In any event, its holding, that in an unlawful detainer action service of process on the defendant, or notice to him by publication, in the manner prescribed by the statute, is a requisite of jurisdiction as to subject-matter, and cannot therefore be waived by the voluntary appearance of the defendant, is so anomalous that it cannot be treated as a precedent.

We find no reversible error in the record. The judgment below was for the right party and should be affirmed. It is so ordered.

PER CURIAM:—The foregoing opinion by RAGLAND, J., in Division one, is adopted as the opinion of Court in Banc. *White, David E. Blair* and *James T. Blair, JJ.,* concur; *Graves, C. J.,* and *Woodson, J.,* dissent, in separate opinion by *Woodson, J.*

WOODSON, J. (dissenting).—I dissent from both the law and the facts of the case as stated and declared by my learned colleague, who wrote the majority opinion.

The majority opinion on page seven erroneously states that appellant's contentions as disclosed by his assignment of errors, argument and brief may be reduced to these:

"1.   The bond in suit is not the appeal bond that was filed by appellants in Gary Realty Co. v. Kelly et al., or, if so, it was never delivered so far as appellant here is concerned.

"2.   The bond declared on, even if executed as alleged, does not conform to mandatory requirements of the Forcible Entry and Detainer Statute, consequently it is void; and

"3.   The judgment with respect to which it is alleged that the bond operated as a *supersedcas* was void because rendered by a court without jurisdiction.   Of these in order."

The real assignment of errors made in the case is, as will be seen by an examination of page eighteen of appellant's brief, as follows:

"1.   The court erred in refusing to sustain defendant's demurrer, for the reason that there was no judgment rendered in the unlawful detainer proceeding by any court having jurisdiction to render the same and therefore defendant did not breach the pretended bond sued on.

"2.   The court erred in refusing to sustain defendant's objection to the introduction of the bond for the reason that it was not the bond approved by the court.

"3.   The court erred in permitting plaintiff to introduce the opinion of the Kansas City Court of Appeals in the matter of the overruling of the motion to quash· the execution filed by Bonfils and Tammen,, for the reason that said opinion was not competent evidence and at that time the opinion was being examined by the Supreme Court, by reason of a writ of *certiorari*.

"4.   The court erred in permitting witnesses to testify in an effort to impeach, in a collateral proceeding, the records of the court in the matter of the approval of the bond sued on.

"5.   The verdict and judgment is against both the law and the evidence, and is in direct violation of the Constitution of the United States as provided for in

Article 14, Section 1, of the Amendment to the Constitution, which provides that no person shall be deprived of property without due process of law, and violates the provisions of the Constitution of the State of Missouri, Article 2, Section 30, which provides that no person shall be deprived of life, liberty or property without due process of law, for the record in this case shows that there never was any judgment lawfully obtained against the defendants in the unlawful detainer suit on account of which this defendant is sought to be charged in this action and the record shows that this defendant never had a fair and impartial trial as provided for under the said provisions of the Constitution of the United States and the State of Missouri.

"6. There never having been any valid judgment obtained against the defendants in the unlawful detainer suit out of which the pretended bond sued on herein was signed, and there having been no breach of said pretended bond, the verdict and the judgment herein violates the provisions of the Constitution of the United States and the Constitution of the State of Missouri specifically mentioned under Paragraph 5 just set out.

"7. The verdict and judgment is contrary to the terms of the pretended bond, not in accordance with such terms, and not supported by the terms set out therein, and by reason thereof, said verdict and judgment is in direct conflict with the very terms of the contract upon which plaintiff seeks to recover.

"8. The record of the court as introduced in evidence by the defendant, shows that the bond sued on is not the bond filed and approved, and the court erred in permitting the bond offered as the bond filed in the case to be introduced as evidence, in the face of the record showing that it is not the bond filed and approved by the court."

In the very nature of things this dissenting opinion is more or less patch-work, caused by the fact that it was originally written as a dissent to the majority opin-

ion of the court written by Judge RAGLAND,
while the case was pending in Division One of
this court, at the October term thereof for
the year 1923. Since that time the case has been transferred to Court in Banc and re-briefed, argued and submitted to this court in banc. The briefs and arguments
in Court in Banc are voluminous, changing, as I see them,
practically all the issues of fact and propositions of law
that were submitted to the court in Division, yet the
learned judge who wrote the majority opinion in Division, so far, has clung to the divisional opinion as his
opinion in the case in Court in Banc, consequently I
must answer the majority opinion delivered in Division
as written under the issues of fact and propositions of
law as there presented to the court. I must also answer
the same opinion in the light of the new issues of fact
and propositions of law presented to Court in Banc by
the new briefs and arguments filed by counsel in the case
in Court in Banc. Otherwise I might leave some of the
legal questions presented by some of the briefs unanswered; I therefore, as stated in the beginning, repeat
that this dissent must be somewhat patchwork in character but complete in scope and unanswerable in its attacks upon the majority opinion.

*Void
Judgment.*

This suit is bottomed upon an appeal bond given
in a case appealed from a *void judgment* rendered on the
18th of March, 1916, in an unlawful detainer suit. (I say
"void judgment" because it was so held by Court in
Banc, 247 S. W. 187 and 1009, which has not been
changed, modified or overruled in any manner whatever,
although four or five terms of this court have lapsed
since the original decision in the case was handed down,
which renders it impossible to be changed, modified or
overruled. This phase of the case is more fully considered in Paragraph II of this opinion which is referred to as being conclusive upon this point).

As previously stated, and it is conceded by both parties, this suit was an *unlawful detainer proceeding,* in-

stituted before a justice of the peace of Kaw Township, Jackson County, Missouri, which by *certiorari* was removed to the Circuit Court of Jackson County, where it was tried before the Hon. THOMAS B. BUCKNER, Judge of Division 1 of that court, without a jury. The trial thereof resulted in the rendition of this judgment:

"Wherefore, it is hereby ordered, considered and adjudged that the complainant, Gary Realty Company, have restitution of the said premises found by the court to have been unlawfully detained, and recover of the defendants the sum of $4000, being double the sum assessed and found by the court for complainant's damages; and that complainant also have and recover from defendants at the rate of $1300 double the said sum found by the court, per month, for rents and profits, from this 18th day of March, 1916, until restitution of said premises to plaintiff be made, together with the costs of this suit."

The judgment on appeal was taken to Division Two of this court.

I deem it of paramount importance to call attention to the fact that that judgment states that the court found that the premises had been *unlawfully detained* by the defendants, and ordered restitution of the same to be made to the plaintiff, Gary Realty Company, and to recover of the defendants on account of the *unlawful detainer* $4000, double the sum *assessed* and found by the court for plaintiff's damages; and plaintiff also have and recover from defendants at the rate of $1300, double the said sum found by the court, per month for rents and profits of the premises until restitution of said premises be made to the Gary Realty Company.

It should also be noted that the circuit court in said unlawful detainer suit found and fixed the rental value of said premises at $650 per month and doubled that sum, making $1300 per month, as the penalty, for so long as the defendants might retain said *unlawful* possession of the premises.

Now it was in this case, State ex rel. Kelly v. Trimble, of the Kansas City Court of Appeals, 247 S. W. 187 and 1009 supra, that *certiorari* was brought to quash the record—in that very same case of unlawful detainer suit—because neither the justice of the peace of Kaw Township, the Circuit Court of Jackson County, nor Division Two of this court, ever acquired jurisdiction of the subject-matter of that action, and therefore it was claimed that the judgment was absolutely void and of no force or effect in law or equity. In that case all the pleadings, facts and legal questions presented are deraigned and set forth in full, which we refer to again, 247 S. W. 187 and 1009, in order to avoid the necessity of prolonging this opinion by quoting it herein.

In disposing of that case we finally said (on page 193, 247 S. W.): " (7)   According to the law announced in the foregoing authorities, in our opinion there can be no doubt but what the judgment of the Court of Appeals is a nullity and should be quashed, and the record of that court is accordingly quashed, and held for naught."

This holding of this court in that case clearly quashed the *judgment* and *record* of the Kansas City Court of Appeals and not simply that part of the judgment which awarded the premises to the plaintiff, the Gary Realty Company, but the entire judgment, which included the judgment for double rents and profits and damages for the *unlawful* withholding the premises, and if the defendants were not *unlawfully* withholding the premises, then how could the plaintiffs recover rents, damages or profits in the case? Double rents, damages and penalties are necessarily incidental to the *unlawful withholding* of the premises, and if the premises were not *unlawfully* withheld, which the opinion in the Kelly v. Thimble, 247 S. W. 187 and 1009, supra, holds, and which counsel for plaintiff a number of times conceded in their briefs and arguments to be so, then how can plaintiff here collect double rents and damages?

In fact, the unlawful detainer statute, Section 3012, Revised Statutes 1919, proceeds only upon the theory that the plaintiff is to have rents, profits and costs, etc., if the court finds that the defendant is holding the premises unlawfully. Likewise the statute which prescribes the form of the execution for the plaintiff, Section 3013, Revised Statutes 1919, provides for the restitution of the premises and the collection of the rents, profits and damages for the unlawful withholding of the same from the plaintiff. Both sections show conclusively that no rents, profits or damages are to be recovered except those incidental to the unlawful withholding of the premises from the plaintiff.

In this connection if we turn to and read the judgment of the Jackson County Circuit Court, which is copied here *verbatim* in the first part of this dissenting opinion, it will be seen that it was drawn and rendered in almost perfect conformity with the letter and spirit of both of the statutes last cited, prescribing the form of the judgment and execution in unlawful detainer suits, and that is, the judgment rendered in the case from which the appeal bond in this case was executed by Mr. Swinney, and the condition of the bond was that the appeal would be affirmed, otherwise the bond should be null and void; and as previously stated this court held in the Kelly v. Trimble case, supra, page 193, that "the judgment of the Court of Appeals is a nullity and should be quashed," which was accordingly done.

Notwithstanding that judgment still stands in full force and effect without change or modification, and notwithstanding some four or five terms of this court have fully expired since its rendition, yet in the face of Section I of Article XIV of the amendments of the Constitution of the United States, the majority opinion in this case is trying to hold the bondsman, Mr. Swinney, on the appeal bond liable therein, notwithstanding the judgment rendered therein was declared null and void by this court on December 12, 1922.

In other words the majority opinion is trying to hold the bondsman liable on the appeal bond when the judgment appealed from has been declared by this court to be null and void, and thereby wiped out of existence the judgment appealed from, which was in favor of the plaintiff.

It seems to me, that Gary Realty Company, the plaintiff in this case, can no more enforce the judgment against the defendant, Swinney, the security on the appeal bond, than it could enforce the judgment itself against Kelly et al., the principals, which has been declared void by this court and quashed as before shown. This proposition has been fully considered in Paragraph III of this opinion.

The judgment of Court en Banc in the case of State ex rel. Kelly v. Trimble, No. 22942, is conclusive, and even though the reasoning of the opinion may be overruled, that judgment is binding on the parties and their privies, and this court cannot review, reverse or annul that final decree. [Southern Pac. Ry. v. United States, 183 U. S. 519, l. c. 528; New Orleans v. Bank, 167 U. S. 371; Mercantile Bank v. Hubbard, 105 Fed. 809; United States Drainage Co. v. Medford, 274 Fed. l. c. 559; Richardson v. Ainsa, 218 U. S. 289; United States v. Camou, 184 U. S. l. c. 574; Toledo Scale Co. v. Computing Scale Co., 281 Fed. 488; Eastern Bldg. Co. v. Welling, 116 Fed. 100; Lowe v. Johnson, 259 S. W. 1004; Winkelman v. Winkelman, 142 N. E. 173; Hensley v. Conard, 226 Pac. 54; College v. Fisher, 221 Pac. 715; Dudgeon v. Hackley, 182 S. W. 1004; Littick v. Means, 195 S. W. 729; Rodney v. Gibbs, 184 Mo. l. c. 11, 82 S. W. 187; Kansas City v. St. Louis Land Co., 169 S. W. l. c. 67; Wilson v. King's Lake D. D., 237 Mo. 39, 139 S. W. 137; Wilson v. King's Lake D. D., 165 S. W. 738; Watts v. Levee Dist., 145 S. W. 129, l. c. 136; State ex rel. Nolte v. Reynolds, 223 S. W. 408; State v. Gochenour, 225 S. W. l. c. 691; Watertown v. Eastern Dakota Electric Co., 296 Fed. l. c. 835; Gillespie v. Wilson, 221 Pac.

82; Ex parte Sibbald v. United States, 37 U. S. 488; Illinois v. Illinois Railway, 184 U. S. 77, l. c. 91; Fauntleroy v. Lum, 210 U. S. 230.]

Where, pending an appeal or writ of error from a judgment, a suit is brought based on that judgment, the reversal of the first judgment wipes out the cause of action of the second suit, and it is the duty of the appellate court upon such reversal of the first judgment, to dismiss or reverse the second judgment. [Butler v. Eaton, 141 U. S. 240; Walz v. Agricultural Ins. Co., 282 Fed. l. c. 649; Dupont v. Richmond Guano Co., 297 Fed. 580; Morgan Co. v. Iron Co., 243 Fed. 149; Ballard v. Searls, 130 U. S. 50; German Trust v. Plotke, 118 Atl. 508; Sherwood v. Greater Mammoth Vein Co., 189 N. W. 793.]

I. The first ground of my dissent is, the majority opinion holds that a recovery can be had upon the appeal bond given in the case of Gary Realty Company v. Kelly et al., for a breach of its condition to prosecute the appeal successfully, when as a matter of fact the respondent has no judgment whatsoever against said Kelly, Bonfils et al., the defendants in the case, in which the bond sued on was made and executed.

*Appeal Bond: Incident of Void Judgment.*

It is true that company procured a judgment against said Kelly et al., which was appealed by them. After many tortuous steps it reached the Kansas City Court of Appeals, which judgment was affirmed by the Court of Appeals. In that case the defendants, Kelly et al., sued out a writ of *certiorari* from this court to the Court of Appeals, and is reported in the 247 S. W. 187, and 247 S. W. 1009, where this court in banc, quashed the record of that court and in doing so, on page 193, used this language:

"According to the law announced in the foregoing authorities, in our opinion there can be no doubt but what the judgment of the Court of Appeals is a nullity

306 Mo.—40

and should be quashed, and the record of that court is accordingly quashed and held for naught.''

The only question discussed and decided in that case was that neither the justice of the peace, before whom the case was instituted, nor any of the various other courts through which the case passed, had any jurisdiction thereof, and consequently all the proceedings had in the case in all the courts through which it passed, including the judgments thereof, were absolutely null and void, and of no force or effect.

Three of the judges of this court concurred in that opinion *in toto,* two in the result, and two dissented, but notwithstanding the two dissents, the decision in that case adjudged that all the proceedings had in all of the courts through which the case passed, including the judgments thereof, were null and void; that of course included the bond sued on, because it was a part of the record in the case, and was purely incidental to the judgment appealed from, and when the judgment so appealed from was declared void and of no force or effect, the bond upon which the judgment was based necessarily fell and became null and void with it. This is too clear for argument, except to state that I have made quite an exhaustive search of the authorities, and have found no text-writer or adjudged case that even intimates that you can recover upon an appeal bond, where there is no judgment in existence for which the bond was given to secure.

II.   The second ground of my objection to the majority opinion is, the fact that the decision of this court in the case of Kelly et al. v. Trimble et al., supra, was rendered on December 12, 1922, during the October term of that court, and since then there have been four full terms of this court which have elapsed without that judgment being attacked either directly or collaterally, which of course places the case beyond the pale of the jurisdiction of this or any

Finality of Judgment.

other court, just as completely as if it had never been instituted in the first place, with possibly this one exception, a bill in equity might be brought in the circuit court attacking it directly for legal fraud, or some other equitable ground.

It is elementary that a court after it acquires jurisdiction of a case never loses it until *final* judgment is rendered (State v. Schierhoff, 103 Mo. 47), except, of course, where the court's jurisdiction is extended by statutory enactment for the purpose of passing upon motions, bill of exceptions, etc., and a party over whom the court has obtained jurisdiction must take notice of all proceedings until final judgment is rendered, but after final judgment he is not regarded as being in court, and should be notified of any subsequent matters affecting his rights. [Roberts v. St. Louis Merchants' Land Imp. Co., 126 Mo. 460, l. c. 469.] And there is no pretense that Kelly et al., were or could have been notified of any subsequent proceeding in the case against them after the term of this court at which the final judgment in the case of State ex rel. v. Trimble was rendered on December 12, 1922. That being unquestionably true, it necessarily follows that no notice, or collateral suit, could affect their rights or the judgment with all its incidents rendered in that case.

Along the same line of thought is the case of Danforth v. Lowe, 53 Mo. 217. There this court held that, after the term at which final judgment in a cause is rendered has elapsed, the court has no power to re-instate the cause upon the docket, or to take any further steps. That being true, how much less could this court or any other court acquire jurisdiction over the bond sued on in the Swinney case, the case at bar, which is nothing more or less than a collateral proceeding growing out of the Gary-Kelly case, as previously shown? [Butler v. Eaton, 141 U. S. 240; Illinois v. Illinois Ry. Co., 184 U. S. 77, l. c. 91.] The same ruling was announced by this court in State ex rel. v. Ellison, 267 Mo. 321.

If such a thing should be attempted, it would clearly violate the due-process clauses of both the State and Federal constitutions.

III. My third reason for dissenting is, that this court in the case of Kelly v. Trimble, 247 S. W. supra, held that the justice of the peace before whom the unlawful detainer suit of the Gary Realty Company v. Empress Theatre Company et al. never ac-

Judgment
Without
Jurisdiction.
quired jurisdiction of the persons of the defendants or the subject-matter of the suit, and that none of the courts to which the case was appealed, or in which it was otherwise lodged, namely, the circuit court, the Kansas City Court of Appeals, and Division Two of this court, acquired jurisdiction thereof, and consequently we quashed both the record and judgments of those courts. And as before stated, that judgment never having been appealed from, it is too late to question its validity and binding effect in this case.

No judicial power on earth can at this late day set aside, modify or quash that judgment without impugning the due-process clauses of both the State and Federal constitutions. While at some future time this court, if it ever sees fit to do so, may overrule the opinion in that case, as a precedent, or as a case not to be followed in the future, but never, in so far as to its binding force and controlling effects in the case of Kelly et al. v. Trimble. Such conduct would be *coram non judice*. See following cases before cited: State v. Schierhoff, 103 Mo. 47; Roberts v. St. Louis Inv. Co., 126 Mo. 460; Danforth v. Lowe, 53 Mo. 217; State ex rel. v. Ellison, 267 Mo. 321; State ex rel. v. Hall, 296 Mo. 201.

It necessarily follows, it seems to me, that the Gary Realty Company, the plaintiff in this case, can no more enforce a judgment against the defendant Swinney, the security on the appeal bond, than it could enforce the judgment itself against Kelly et al., which has been quashed and declared void, for which the appeal bond

was given.  In other words, by what process of reason-
ing can one reach the conclusion that the judgment ap-
pealed from is void and of no legal force or effect and
non-enforcible against the · principal, Kelly et al., and
yet contend that the appeal bond given to secure the
payment of that void judgment can be enforced, or col-
lected, especially after that bond, which was a part of
the record in the case of Gary Realty Company v. Kelly
et al., as well as the judgment based upon it which was
quashed, was declared null and void?  I must confess
that I cannot follow such reasoning, and I know that
there is no authority on either side of the Atlantic which
lends the least particle of support to it. ' In fact, during
all of my researches devoted to this question, I have
never found where such a proposition was ever con-
tended for.  In such a case, if the defendant, Swinney, is
liable in this case, then the security in every appeal bond
will be held liable, regardless of the fact that the ap-
pellant may have been successful in his appeal.  I do
not see how any fair-minded, reasonable man can reach
any such conclusions.

IV.  I again dissent from the majority opinion for
the reason that it re-considers the issues as made in
the case of State ex rel. Kelly v. Trimble, 247 S. W. 187,
supra, as to whether or not parties could in
an unlawful detainer case enter their ap-
pearance in the Circuit Court so as to give
that court jurisdiction of the case, also
whether the unlawful detainer case was ever removed
from the Justice Court to the Circuit Court, and at-
tempts to reverve the decision of this court in banc
rendered in the case of Kelly v. Trimble, 247 S. W. 187,
supra, in this, a wholly collateral proceeding, and in
so attempting it, uses this language:

*Stare Decisis: Concurrence in Result.*

"In any event, its holding that in an unlawful de-
tainer action service of process on the defendant, or no-
tice to him by publication, in the manner prescribed by

the statute, is a requisite of jurisdiction as to subject-matter and cannot therefore be waived, by the voluntary appearance of the defendant, is so anomalous that it cannot be treated as a precedent.''

The majority opinion, meaning, of course, that it will not be followed, then proceeded to dispose of the case in the direct face of that opinion. As I have stated before, and repeat it here, the decision of this court in banc, in the case of State ex rel. Kelly v. Trimble, 247 S. W. 187, supra, became the law of *that case,* and the term of court at which it was rendered having long ago lapsed, neither this court nor any other court on this earth can reverse, modify or quash it, in so far as that case is concerned, with *two solitary exceptions,* namely: first, the circuit court upon a new suit being filed directly assailing its validity for fraud, or for other equitable grounds in the procurement of that judgment, or, second, the Supreme Court of the United States, for some reason incomprehensible to me, and should the latter do so, it would clearly do violence to the clear letter and spirit of the due-process clause of the Constitution of the United States.

I do not want to be misunderstood. I do not say or contend that this court in banc cannot and may not, at any time it sees proper, overrule the case of State ex rel. Kelly v. Trimble, 247 S. W. 187, supra, as a precedent, and not to be followed as a precedent or as the law of this State in the future, because it has done more curious and unreasonable things in the past than that, but in my opinion it can never do that and follow the plain letter and spirit of the statutes governing the unlawful proceedings and the decisions of this court regarding the matter.

If this court wants to overrule the Kelly case, supra, I can suggest no stronger reason for so doing than to follow the suggestions filed in this case by thirty-five or forty able members of the bar at Kansas City, praying that it be overruled.

The majority opinion says that the opinion in the Kelly case was not concurred in by a majority of the court, which is a mistake, for three of the judges concurred in full and two in the result, and it is with the result that we are interested. These five judges concurring in the result (that the opinion of the Court of Appeals should be quashed for the reason that the circuit court never acquired jurisdiction of the unlawful detainer case) and while the judge writing the opinion based his opinion on one of the several grounds advanced, which opinion was concurred in by two other judges, five judges concurred in the result, which made the result or judgment of Court in Banc final, and that judgment divested the circuit court of jurisdiction to hear the original unlawful detainer case and said case is still in the justice court of Jackson County, Missouri.

The Supreme Court held in the case of State ex rel. Nolte v. Reynolds, 223 S. W. 408, that while some of the judges of the court may dissent from the opinion as written by one judge, the judgment of the case is the result of the vote of the majority of the judges and that judgment is the law of the case and cannot be subsequently set aside or disregarded in later appeals.

The mere fact that the opinion of this court is concurred in in the result only by a majority of the judges, renders it no less the decision of the court, and just as binding as if concurred in in full by all of them. While on this subject I recall to mind the case of James L. Tipton v. Barnard & Leas Manufacturing Co. et al., decided by Court in Banc, 302 Mo. 162, where the majority opinion was concurred in by GRAVES, DAVID E. BLAIR and WALKER, JJ., and the writer of the majority opinion in this case, concurred in the result; WOODSON, C. J., JAMES T. BLAIR and WHITE, JJ., dissented, yet no one has ever suggested that the majority opinion in that case was not the decision of the court, because the carrying vote agreed only in the result. The State and Federal reports are full of such cases; all concede their binding force and effect.

No divisional opinion, and in fact no opinion of Court in Banc, can revive or re-instate jurisdiction of the Circuit Court of Jackson County, Missouri, over that case. There may later be a different construction put on the section of the unlawful-detainer statute regarding the removal of cases from the justice court to the circuit court, but that decision will not be retroactive, but prospective only, as held by the Supreme Court in the case of Klocke v. Klocke, 208 S. W. l. c. 827.

V. My final reason for dissenting is, if I correctly understand the majority opinion, and I am not sure that I do, yet the effect of the opinion covers the proposition I have in mind, because according to the record in the case, no judgment could be rendered on the appeal bond in suit until after the case it was filed in was finally disposed of in favor of the obligees on the bond.

*Appeal Bond: Suit Pending Appeal.*

Counsel for appellants objected to the introduction in evidence of the appeal bond sued on in this case for the reason that the case appealed from, at the time of the trial in the circuit court, and at the time the bond was offered in evidence, had not been finally adjudicated against the appellants in this court where it was still pending, and which was subsequently decided in favor of the appellants by this court in banc in the case of State ex rel. Kelly v. Trimble, 247 S. W. 187, and the judgment and the entire record in the cause were quashed, which wholly destroyed all liability of the obligors on the bond, because *their* liability was only conditional and was never to become absolute, except on condition the appeal should be affirmed, which has not been done, and never can be on account of the decision of this Court in Banc in the case of State ex rel. Kelly v. Trimble, 247 S. W. 187.

Since writing the foregoing paragraph, my attention has been called to the case holding that where pending an appeal or writ of error from a judgment a suit

State ex rel. Knights & Ladies of Security v. Allen.

is brought based on that judgment, the reversal of the first judgment wipes out the cause of action of the second suit, and it is the duty of the appellate court upon such reversal of the first judgment to dismiss or reverse the second judgment. [Butler v. Eaton, 141 U. S. 240.]

For the reasons stated I dissent from the entire opinion. *Graves, C. J.,* concurs herein.

1. **LIFE INSURANCE: Benefit Certificate: Monthly Premium: Conversion into Old-Line Insurance.** A provision for twelve monthly payments per year does not convert a benefit certificate into an old-line or stipulated-premium policy, where the stated payments are not fixed in character, but must be increased if insufficient to afford statutory security.

2. ———: **Fraternal Beneficiary Association: Old-Line Insurance: Lodge System.** The fact that defendant did not have a lodge system and ritualistic form of work in the one community where the holder of the certificate sued on resided, does not establish that defendant, duly incorporated in another state and admitted to do business as such in this, was not a fraternal beneficiary association.

3. ———: ———: ———: **General Lodge System: Omission in One Community.** The defendant, having been incorporated as a fraternal beneficiary association in Kansas and duly admitted as such to do business in this State, and having proved that it had a supreme governing and legislative body, and twenty-five hundred subordinate lodges in operation, in none of which is there any evidence or claim that it did not proceed in full accord with the requirements of the statute and of the supreme lodge in the matter of a lodge system with ritualistic ceremonies of initiation of mem-

*NOTE—Decided December 30, 1924; motion for rehearing filed; motion overruled February 17, 1925.